■ NATHAN L. SPELLS, Appellant, v. CARL B. DAVIS et al., Respondents.— In this action to compel specific performance of a contract claimed to have been made by defendants Davis to sell to plaintiff a parcel of real property, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County, dated December 5, 1969, which *inter alia* granted defendants' motion for summary judgment. Order and judgment modified, on the law, by striking therefrom all the decretal provisions except that which denied plaintiff's cross motion for summary judgment and by substituting therefor a provision denying defendants' motion. As so modified, order and judgment affirmed, with $10 costs and disbursements to plaintiff. Defendant vendors allege that the memorandum relied upon by plaintiff as the contract of sale did not contain material terms of the financing agreement, which terms were allegedly left for future negotiation. However, the memorandum appears to contain all material terms relative to financing and, in our opinion, it cannot be said as a matter of law that any material terms were left for future negotiation. Therefore, defendants' motion for summary judgment should have been denied (cf. *MacLaeon* v. *Lipchitz*, 56 N. Y. S. 2d 609, affd. 269 App. Div. 953). Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.

## THIRD DEPARTMENT, JUNE, 1970

### (June 1, 1970)

■ In the Matter of ROBERT R. MEEHAN, Appellant, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent, and ADAM WALINSKY et al., Respondents.— MEMORANDUM BY THE COURT. Judgment dismissing petition in a proceeding under section 330 of the Election Law affirmed, without costs. Appellant contends that respondent Adam Walinsky would not be qualified to hold the office of Attorney-General in that he has not been a resident of this State for five years next preceding the forthcoming general election (N. Y. Const., art. V, § 1; art. IV, § 2), and, thus, is ineligible for nomination as a party candidate (Election Law, § 147). The courts have equated "resident" to "domiciliary" in construing voter and office eligibility provisions elsewhere in the constitution and statutes enacted thereunder (*Matter of Altimari* v. *Meisser*, 16 N Y 2d 629, *Matter of Davy* [*Denton*], 281 App. Div. 137), and absent clear language or an obvious intent to the contrary, the word "resident" appearing in article IV should be given the same construction. Appellant failed to sustain his burden of proof that respondent had acquired a new domicile in the State of Virginia (*Matter of Newcomb*, 192 N. Y. 238). Application for permission to appeal to the Court of Appeals granted, without costs. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by the court.