OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 We agree with Special Term and the Appellate Division that the validation proceeding was jurisdictionally defective because of the candidate’s failure to name and serve all those who filed objections to the designating petition
 
 (Matter of Wein v Molinari,
 
 51 NY2d 717;
 
 Matter of Cappellazzi v Toto,
 
 41 NY2d 1050). This is not altered by the fact that the attorneys who represented unnamed and unserved parties did appear for them in the invalidation proceeding with which the one to validate was consolidated
 
 (Matter of Wein v Molinari, supra).
 
 Nor does the stipulation as to the validity and number of signatures constitute a waiver of the jurisdictional point since the stipulation expressly provided that it remained subject to the “claim that there is no jurisdiction over two of the objectors in the validation proceeding”. Accordingly, appellant was left with no procedural vehicle by which to reinstate the signatures held invalid by the board of elections
 
 (Matter of Suarez v Sadowski,
 
 48 NY2d 620, 621).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
 

 Order affirmed, without costs, in a memorandum.