■ CHARLES M. GADSDEN, Petitioner, v BOARD OF ELECTIONS, Objector. In the Matter of ELAINE R. BERLIN et al., Respondents, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, and WILBERT KIRBY, Appellant. In the Matter of WILBERT KIRBY, Appellant, v ANTHONY SADOWSKI et al., Respondents, and DOUGLAS A. KELLNER, Respondent. (And Another Proceeding.) — Judgment, Supreme Court, New York County (A. Klein, J.), entered on September 3, 1982 affirmed, without costs and without disbursements. *Matter of Wein v Molinari* (51 NY2d 717) seems to us dispositive of the issue presented, although we acknowledge possible merit in the distinction urged in the dissenting opinion. We are not persuaded that the record establishes a waiver of the claimed jurisdictional defect. Concur — Sandler, J. P., Asch and Milonas, JJ.
Bloom and Fein, JJ., dissent in a memorandum by Fein, J., as follows: On August 6, 1982 Wilbert Kirby (Kirby) filed with the Board of Elections one volume of a designating petition seeking to place him on the ballot for the Democratic primary election for the 29th Senate District. Douglas A. Kellner (Kellner) timely filed objections to the sufficiency of that petition. Kirby then timely filed two additional volumes of designating petitions. Elaine R. Berlin (Berlin) and Henry Crawford (Crawford) filed objections to those petitions. The Board of Elections ruled that the Kirby petition was valid in form and substance, finding that it contained a sufficient number of valid signatures, to wit, 580 signatures. The required number set by statute is 500 signatures. In the interim, Berlin, Crawford and Kellner instituted a special proceeding in the Supreme Court to invalidate the Kirby designating petition and Kirby instituted a special proceeding to validate his petition. The proceedings to validate and invalidate were consolidated and heard together. The special referee appointed by the Supreme Court found the total number of valid signatures on the Kirby designating petition to be 508. All parties to the judicial proceeding stipulated before the referee that there were a sufficient number of valid signatures on the Kirby petition. However, it was contended that Kirby's validating proceeding was jurisdictionally defective because the petitioner, Kirby, failed to name and serve as parties in the Supreme Court

validating proceeding all persons who filed objections to the Kirby petition with the Board of Elections. Kellner was named as a respondent in the Kirby validating proceeding. Two other objectors, Berlin and Crawford, were not. Kellner appeared in the proceeding and actively participated, both as a party and as counsel to all three of the objectors. Additionally, Berlin, the second objector, appeared *pro se* and actively participated in the proceeding. Crawford did not file a separate set of objections and specifications with the Board of Elections, but rather was one of three objectors on a single set of specifications. Thus, two of the objectors, Kellner and Berlin, appeared and actively participated. Their specifications embraced the same objections as Crawford, who was represented by Kellner throughout all of the proceeding. All of the objectors actively participated in litigating the validity of the Kirby petition. All stipulated that there were a sufficient number of signatures, asserting only that the failure of the Kirby validating proceedings to name Crawford and Berlin made the Kirby petition to validate defective. The referee found that the invalidating petition was insufficient and dismissed the validating petition as moot because (1) the designating petition was found by the Board of Elections to contain a sufficient number of valid signatures; (2) the referee found there were sufficient valid signatures; and (3) all parties stipulated there were sufficient valid signatures. Thus, the Board of Elections and the referee found the Kirby designating petition to be valid and to contain sufficient signatures. Without reaching the merits, Special Term disaffirmed the referee's report and dismissed the validating petition upon the ground that the failure to name Crawford and Berlin in the validating petition was fatal, and granted the invalidating petition, citing *Matter of Wein v Molinari* (51 NY2d 717) and *Matter of Cappellazzi v Toto* (41 NY2d 1050). In the light of the finding by the Board of Elections that there were a sufficient number of signatures on the Kirby designating petition, the stipulation of all parties that there were a sufficient number of signatures on that petition and the finding of the referee that there were a sufficient number of signatures, there should be a reversal. There has been no finding either by the Board of Elections or the referee or the court that there were insufficient signatures. Kellner, Crawford and Berlin have stipulated that there were sufficient signatures. In this circumstance, the failure of the validating petition of Kirby to name two of the objectors and to serve them does not provide a basis for finding his petition invalid. In *Matter of Suarez v Sadowski* (48 NY2d 620), relied upon by Kellner, the Board of Elections and the referee found there were insufficient signatures and there was no validating proceeding instituted. Hence, unlike here, there was no basis on which the candidate could make an affirmative case. Moreover, the active participation of Kellner on his own behalf and as attorney for himself and the other two objectors, the active participation of Berlin in the litigation and the stipulation by all parties constituted a submission to the jurisdiction of the court and a waiver of any alleged jurisdictional defect in the validating petition. On the record, it is undisputed that there were sufficient signatures on the designating petition. There is no proof anywhere to the contrary and the jurisdictional defect, if any, has been waived by the stipulation (*Matter of Lloyd v Power,* 37 AD2d 792). In *Wein (supra)* and *Cappellazzi (supra),* relied on by Special Term, the Board of Elections had found the designating petitions to be invalid. Thus it was jurisdictional that the objectors in whose favor the Board of Elections had ruled be made parties to the court proceeding to validate. Here the Board of Elections found the designating petition to be valid. In the invalidating proceeding brought by the parties against whom the Board of Elections had ruled, there was a jurisdictional basis on which to rule that there were sufficient signatures as found by the Board of

Elections. (See *Matter of Straniere v Cutolo,* 42 NY2d 409; *Matter of Gartner v Salerno,* 74 AD2d 958.) Accordingly, the order of Special Term should be reversed, the special referee's report confirmed and the Kirby designating petition reinstated as a valid designating petition.