■ In the Matter of ROBERT A. HANINGTON et al., Respondents, v FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents, and STEPHEN L. BRASLOW et al., Appellants. — In a proceeding to validate a petition nominating Robert A. Hanington as a candidate of

the Sewer Tax Opposition Party for the public office of Superintendent of Highways of the Town of Babylon in the general election to be held on November 8, 1983, Stephen L. Braslow and James J. Harrington appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated October 18, 1983, as (1) denied their motion to dismiss the proceeding, (2) annulled the determination of the Suffolk County Board of Elections which invalidated the nominating petition with respect to Robert A. Hanington, and (3) directed that Hanington's name be placed on the ballot. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, proceeding dismissed, and the Suffolk County Board of Elections is ordered to remove Robert Hanington's name from the appropriate ballot. Special Term should have dismissed this proceeding for lack of jurisdiction. John Gallagher was an objector to Hanington's nominating petition. He was neither named nor served in this validation proceeding. On numerous occasions it has been held that a validation proceeding is jurisdictionally defective if the candidate fails to name and serve all those who filed objections to the petition (see *Matter of Gadsen v Board of Elections,* 57 NY2d 751; *Matter of Wein v Molinari,* 51 NY2d 717; *Matter of Crafts v McNab,* 96 AD2d 915). Hanington's contention that any jurisdictional defect in this proceeding was cured by Justice De Luca's purported consolidation of this proceeding with the one involving objector John Gallagher is without merit. The purported consolidation took place after Justice De Luca had disqualified himself from hearing both proceedings. Furthermore, Justice De Luca specifically left the consolidation application open for the next assigned Judge to address. Justice Underwood, treating the proceedings as distinct matters, dismissed the proceeding in which Gallagher was named the objector. Therefore a consolidation was not effectuated. Since John Gallagher, an indispensable party, was not before Special Term in the instant proceeding, it should have been dismissed. Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.