(August 23, 1984)

■ In the Matter of DONALD P. BROSNAN et al., Appellants-Respondents, v ROBERT S. BLACK et al., Constituting the Board of Elections in the City of New York, Respondents, and SHEILA ROTHENBERG et al., Respondents-Appellants. (And Other Titles.) — Appeal and cross appeal from stated portions of a judgment of the Supreme Court, Queens County (Giaccio, J.), dated August 17, 1984, which, *inter alia,* denied motions to dismiss invalidating and validating proceedings involving certain party positions of the Liberal Party on jurisdictional grounds and granted all petitions to validate designating petitions and denied all petitions to invalidate designating petitions on the merits, subject to certain "line-by-line" rulings.

Judgment modified, on the law, by deleting the fourth, fifth and sixth decretal paragraphs, and by adding to the ninth decretal paragraph, after the word "granted", the following words: "except those validating petitions of Sheila Rothenberg, Mary J. Marino, Louis Dvorkin, Janice Dvorkin, Stanley Cooper, Diane Hertensten, Evelyn Kercado, Blanche Cooper, Irene Torres, and James Najdek, which are dismissed". As so modified, judgment affirmed, insofar as appealed and cross-appealed from, without costs or disbursements.

Donald Brosnan and others (hereinafter Brosnan) challenge certain proceedings commenced by Sheila Rothenberg and others (hereinafter Rothenberg) which sought to validate and invalidate certain designating petitions of candidates for party positions in the Liberal Party primary election to be held on September 11, 1984.

We find without merit Brosnan's contention that Rothenberg's filed written specifications of the grounds of the objections to the designating petitions in question were invalid because the objectors failed to provide information regarding their residence address, Assembly district and election district, which information had been included in the objectors' filed written objections. While it might have been preferred that such information be included in the specifications as well, neither the Election Law nor the "Designating Petition Rules" of the Board of Elections of the City of New York requires that such information be included in the specifications. As we have noted, the information was contained in the written objections, which were available at the Board of Elections to any interested party. Accordingly, Special Term properly refused to dismiss Rothenberg's invalidation proceedings on this basis.

However, the Rothenberg validating proceedings should have been dismissed on the basis that no objectors were properly joined as parties to the proceedings (see *Matter of Gadsen v Board of Elections,* 57 NY2d 751, 752). While the objectors were served, pursuant to a directive in the order to show cause, they were not named as parties to the validation proceedings.

In addition, we find that Special Term erred in vacating the ruling of the Board of Elections that invalidated the Rothenberg designating petitions with respect to all candidates for County Committee for failure to list the names and addresses of said candidates on the cover sheet of each petition. Subdivision 2 of section 6-134 of the Election Law provides, in relevant part, that: "There shall be a cover sheet attached to each petition consisting of ten or more sheets and each volume thereof. *Each cover sheet shall indicate* the office for which each designation and nomination is being made, *the name and residence address of each candidate,* the total number of pages comprising the petition, and the total number of signatures contained in such petition" (emphasis supplied).

In the instant case, it is undisputed that the cover sheets filed by Rothenberg with the designating petitions did not contain the names and residence addresses of the candidates for election as members of the County Committee. The Board of Elections therefore properly declared the designating petitions invalid for that position. While the Board of Elections of the City of New York promulgated a rule indicating that cover sheets for designating petitions for party office, where groups are to be elected, need not show the names and addresses of such groups, such rule cannot excuse Rothenberg's noncompliance with subdivision 2 of section 6-134 of the Election Law. "[The Board of Elections] is

not empowered to authorize, implicitly or explicitly, noncompliance with the strictures set forth by the Legislature in section 6-134" (*Matter of Smith v Mahoney,* 60 NY2d 596, 597; *Matter of Hutson v Bass,* 54 NY2d 772, 773-774).

While Rothenberg argues that the cover sheets on Brosnan's designating petitions also did not comply with subdivision 2 of section 6-134 of the Election Law, thereby requiring that we invalidate those designating petitions, Rothenberg did not file an objection on this basis with the Board of Elections.

Thus, Rothenberg, by failing to object, has not preserved this challenge to Brosnan's designating petitions. Mollen, P. J., Titone, Mangano, Gibbons and Thompson, JJ., concur.