◼ In the Matter of WILLIAM J. MOLLOY, Appellant-Respondent, v GEORGE P. SCARINGE et al., as Commissioners of the Albany County Board of Elections, Respondents, and EDWARD J. CLARK, Respondent-Appellant.—Per Curiam. Cross appeals from a judgment of the Supreme Court (McDermott, J.), entered August 9, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Democratic Party candidate for the office of Mayor of the City of Cohoes in the September 12, 1989 primary election.

Petitioner filed a designating petition with the Albany County Board of Elections in order to be placed on the ballot in the primary election as the Democratic Party's candidate for Mayor of the City of Cohoes. Objections and specifications of objections were thereafter filed with the Board by respondent Edward J. Clark (hereinafter respondent). Pursuant to these challenges, the Board conducted a line-by-line review of the petition, after which it invalidated 219 of the 517 signatures on the petition, leaving 298 valid signatures. Since 317 valid signatures were required, the Board ruled that petitioner's designating petition was invalid.

Petitioner sought to overturn the Board's determination in the instant proceeding under Election Law § 16-102. Supreme Court sustained the Board, finding 210 invalid signatures, leaving petitioner some 10 signatures short of the requisite number to place his name on the ballot in the primary election. This appeal by petitioner ensued. Respondent has cross-appealed, complaining that Supreme Court should also have invalidated two additional signatures.

There should be a reversal. The Board and Supreme Court invalidated all of the signatures on pages 26, 31 and 33 of the designating petition. Respondent's specifications of objections as to page 26 attacked four of a total of 14 signatures on the ground that the ward and election district numbers on the first four lines were altered after the subscribing witness signed the statement, and objected to one signature on the ground that the person had signed a prior petition. Respondent's objection as to the entire page 26 was that the four

alterations after the subscribing witness signed the statement "invalidates the entire page". Similarly, regarding pages 31 and 33 of the designating petition, respondent's specific reason for claiming the invalidation of each entire page was that the petition was altered by Rose P. Molloy after the subscribing witness had signed the statements. In the case of page 31, the alteration consisted of striking out one line out of 12 signatures, initialed by Rose P. Molloy and the subscribing witness. As to page 33, three lines out of 20 signatures were so struck and initialed by the same persons. Supreme Court expressly upheld the invalidation of all signatures on pages 26 and 31 on the basis of the foregoing objection by respondent, and implicitly did so on the same ground as to page 33.

We conclude that the alterations in question on pages 26, 31 and 33 of the designating petition did not justify the invalidation of all three sheets in their entirety. The irregularities were relatively insubstantial, and there is no indication whatsoever of forgery, concealment or other fraud perpetrated by the candidate or anyone else. Under these circumstances, it was error for Supreme Court and the Board to invalidate anything but the signatures on the specific, altered lines *(see, Matter of Pilat v Sachs,* 59 AD2d 515, 516, *affd* 42 NY2d 984; *Matter of Lefkowitz v Cohen,* 262 App Div 452, 455-456, *affd* 286 NY 499; *Matter of Benjamin,* 262 App Div 959; *Matter of Bramwell v Gargiulo,* 103 Misc 2d 476, 479). Respondent is, of course, limited to those grounds expressly contained in his specifications of objections *(see, Matter of Brosnan v Black,* 104 AD2d 469, 471, *affd* 63 NY2d 692; *Matter of Maniscalco v Power,* 8 Misc 2d 677, 678).

The result of the foregoing ruling serves to validate some 23 signatures on pages 26, 31 and 33 of the designating petition, which were not challenged except insofar as they appeared on those sheets. Adding these to the 307 signatures that Supreme Court otherwise found valid or were unchallenged, petitioner has at least 13 signatures in excess of the minimum necessary to sustain his designating petition. We, therefore, need not address the issues raised in the cross appeal, nor those raised with respect to other signatures invalidated by Supreme Court, with one exception. That is, Supreme Court, in its decision, erroneously declared that all signatures on page 21 of the designating petition were invalid because the signatures on the last two of 20 lines were dated February 8, 1989, more than 37 days before the last day to file designating petitions for the primary election *(see,* Election Law § 6-134 [6]). Under the statute, this discrepancy only requires discounting the

specific, premature signatures and not the entire page on which it appeared *(see,* Election Law § 6-134 [6]; *see also, Matter of Kent v Bass,* 83 AD2d 898, *affd* 54 NY2d 776). We note, however, that only the specifically defective signatures on page 21 were actually struck in Supreme Court's tally sheet attached to its decision. Therefore, this erroneous ruling did not serve to affect the outcome.

Judgment reversed, on the law, without costs, petition granted and the designating petition naming petitioner as the Democratic Party candidate for the office of Mayor of the City of Cohoes in the September 12, 1989 primary election is declared valid. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.