EVAN G. GALBRAITH, Plaintiff, v NEW YORK CONSERVATIVE PARTY, Defendant.

Third Department, March 22, 1990

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■

## APPEARANCES OF COUNSEL

*Davis Polk & Wardwell (Dennis E. Glazer, James D. Liss* and *Nancy B. Ludmerer* of counsel), for plaintiff.

*Michael V. Ajello* for defendant.

## OPINION OF THE COURT

KANE, J. P.

The parties herein seek resolution of a dispute regarding plaintiff's residency for purposes of compliance with the State constitutional requirement that a candidate for Governor reside within the State for the five-year period immediately preceding the election *(see,* NY Const, art IV, § 2). Plaintiff was refused consideration as a candidate by defendant on the ground that he did not meet the residency requirement. Plaintiff has lived at his current address in New York City since October 20, 1986; therefore, the sole issue before us is his residency during a previous period beginning November 7, 1985.

In 1980, plaintiff purchased a home in Connecticut, lived there for one year and then decided to move to New York, where plaintiff had lived and worked intermittently since 1957. While searching for housing, plaintiff accepted an appointment as the United States Ambassador to France and moved to Paris. Plaintiff eventually decided to resign his post and return to New York in 1985. However, when he returned in July 1985, he moved back into his Connecticut home in order to take advantage of favorable Federal tax laws applicable to its allegedly presaged sale. Plaintiff subsequently sold his home and took up his current residence in New York, where he now asks this court to issue a declaratory judgment finding him to have met the residency requirement or, alternatively, to find the constitutional provision so requiring to be in violation of the Equal Protection Clause of the US Constitution.*

---

* We note that the Attorney-General has declined our invitation to intervene in support of the constitutional provision at issue.

■ In our view, plaintiff has failed to establish residency in the State during the required five-year period preceding the November 1990 election. An existing domicile "continues until a new one is acquired and the burden of proof rests upon the party who alleges a change" *(In re Newcomb,* 192 NY 238, 250). Here, the evidence establishes the existence of a Connecticut domicile until October 1986 and plaintiff has failed to allege anything other than an intent to make New York his residence for the disputed 11 months prior thereto. "[I]ntention without residence is of no avail" *(supra,* at 250), and the fact that plaintiff moved back to Connecticut from France is controlling in this instance. The case of *Matter of Meehan v Lomenzo* (63 Misc 2d 490, *affd* 34 AD2d 1024, *affd* 27 NY2d 600) does not dictate a different result. In *Meehan* the party lived in New York immediately prior to moving to Virginia pursuant to employment with the United States Government in Washington, D.C. Here, plaintiff was living in Connecticut, moved to France and then back to Connecticut. Accordingly, New York residency prior to October 20, 1986 was not established.

■ We also reject plaintiff's claim of constitutional infirmities in requiring five years of immediate prior residency in the State to be eligible as a candidate for Governor. Plaintiff contends that the requirement violates his right to equal protection of the laws because it impermissibly discriminates between two classes of New York residents by failing to serve a compelling State interest *(see, Dunn v Blumstein,* 405 US 330, 335). Plaintiff's assertion of an equal protection violation "is resolved judicially by determining what is more important to our form of government; the rights protected by the state law in question or the rights infringed by it" *(Chimento v Stark,* 353 F Supp 1211, 1214, *affd* 414 US 802).

In deciding the validity of an equal protection claim, our inquiry is directed toward three considerations: (1) the character of the classification, (2) the nature of the individual interest or right affected by the classification, and (3) the quality of the State interest promoted by the classification *(see, Dunn v Blumstein, supra).* We initially note that the classification involved, which draws a distinction based on length of residency, is not among those considered to be "suspect" or worthy of strict constitutional scrutiny *(see, Frontiero v Richardson,* 411 US 677, 682, 686). Regarding the individual interest involved, although we recognize its relationship with the right to vote, we do not view the right to run for elective office

as fundamental *(see, Bullock v Carter,* 405 US 134, 142-143). Nor do we view the residency requirement in this instance as having any sufficiently indirect affect on the right to vote such that any heightened scrutiny is required *(see, supra; but see, Sununu v Stark,* 383 F Supp 1287, *affd* 420 US 958; *Chimento v Stark, supra).* The residency requirement is a minimal infringement on participation in the electoral process and acts as merely a temporary barrier to potential candidates. We conclude, therefore, that this type of "insignificant interference * * * need only rest on a rational predicate in order to survive a challenge under the Equal Protection Clause" *(Clements v Fashing,* 457 US 957, 968).

"A state's right to impose restrictions on one seeking public office is a power reserved to the states under the Tenth Amendment of the United States Constitution" *(Chimento v Stark,* 353 F Supp 1211, 1215, *supra).* The five-year residency requirement was first adopted into the NY Constitution of 1821 *(see,* 4 Lincoln, Constitutional History of New York, at 464) and was retained in future Constitutions to assure that a candidate for Governor "had been here long enough to make himself acquainted with the peculiarity of our government, with the institutions and wants of the State, the defects in our system, if any, the laws of the State, the habits of the State, and with the various local interests of the State" (Report of Debates and Proceedings of Convention of 1846 [June 27, 1846], at 179). Similar State interests have recently been found sufficient to withstand even strict constitutional equal protection scrutiny *(see, Sununu v Stark, supra; Chimento v Stark, supra),* and we find that a five-year requirement in this instance also passes constitutional examination. The requirement serves the rational State interest of reciprocal familiarity of a candidate with State-wide interests and the people with the candidate, while infringing only minimally on any perceivable right to participate in the election process.

Accordingly, we find plaintiff to be ineligible as a candidate for Governor of New York in the November 1990 general election.

MIKOLL, YESAWICH, JR., MERCURE and HARVEY, JJ., concur.

Judgment rendered in favor of defendant, and it is declared that plaintiff has not met the durational residency requirement of NY Constitution, article IV, § 2 or shown that said requirement is unconstitutional, without costs.