■ In the Matter of WILLIAM B. KEAL, Respondent, v BOARD OF ELECTIONS OF THE STATE OF NEW YORK, Respondent, and FELIX J. GERMANO, Appellant.—Per Curiam. Appeal from a judgment of the Supreme Court (Keniry, J.), entered August 17, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Democratic Party candidate for the office of Member of Assembly for the 106th Assembly District in the September 11, 1990 primary election.

On July 12, 1990, a petition containing 598 signatures was filed with respondent State Board of Elections (hereinafter the Board) designating petitioner as the Democratic Party candidate for the office of Member of Assembly for the 106th Assembly District. Respondent Felix J. Germano then filed general and specific objections to the designating petition. Following a hearing, the Board issued a determination on July

27, 1990 invalidating 100 of the signatures, leaving petitioner with only 498 valid signatures, two less than the required 500.

Petitioner subsequently commenced this proceeding seeking to validate his petition and Germano served an answer containing only general denials. Following a hearing conducted in Supreme Court on August 14, 1990, Germano moved to amend his answer to plead an affirmative defense seeking the invalidation of certain of the signatures which the Board had found to be valid. Supreme Court denied the motion and, on the merits of the proceeding, validated seven signatures contained on sheet No. 68 of petitioner's designating petition, thus raising the total number of valid signatures to 505 and rendering the petition valid. Germano appeals.

We affirm. Because Germano was an objector and not a candidate seeking to validate a petition previously invalidated by the Board, the time for commencement of a proceeding to invalidate signatures on petitioner's designating petition expired on July 26, 1990, at the conclusion of the 14-day limitations period specified in Election Law § 16-102 (2) *(see, Matter of Krupczak v Mancini,* 153 AD2d 785, 786; *see also, Matter of Bruno v Peyser,* 40 NY2d 827, 828). Thus, Supreme Court correctly denied Germano's motion to amend his answer to assert an affirmative defense seeking invalidation of certain of the signatures.

We also agree with Supreme Court's determination to validate seven signatures on sheet No. 68 of the designating petition. At the hearing conducted by Supreme Court, petitioner testified that he personally crossed out two of the signatures on sheet No. 68 and initialed each of those deletions prior to completing and signing the statement of subscribing witness and that, at that time, there were eight signatures on the page, as indicated in the statement. Although he did not know how an additional signature, that of a person who was not a duly enrolled member of the Democratic Party, came to be deleted, he indicated that other individuals were assisting him in the examination and verification of the signatures. In our view, this testimony adequately explained the single uninitialed deletion on sheet No. 68 and the discrepancy between the eight signatures indicated in the statement of subscribing witness and the seven actually present. In the absence of any indication of forgery, concealment or other fraud perpetrated by the candidate or anyone else, the relatively minor irregularities on this page did not justify invalidation of the seven valid signatures *(see, Matter of Molloy v Scaringe,* 153 AD2d 782, 783; *Matter of Krueger v Richards,* 93

AD2d 898; *Matter of Bramwell v Gargiulo,* 103 Misc 2d 476, 479; cf., *Matter of Harfmann v Sachs,* 138 AD2d 550, *lv denied* 71 NY2d 803).

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.