■ In the Matter of JOSEPH FUSCO et al., Petitioners, and JOHN J. DAWSON, Respondent, v WESTCHESTER COUNTY BOARD OF ELECTIONS et al., Respondents, and THOMAS ABINANTI, Appellant. [729 NYS2d 521] —In a proceeding pursuant to Election Law § 16-102, *inter alia*, to validate a petition designating John J. Dawson as a candidate in a primary election to be held on September 11, 2001, for the nomination of the Independence and Conservative Parties as their candidate for the public office of Westchester County Legislator for the 12th Legislative District, the appeal is from so much of an order and final order (one paper) of the Supreme Court, Westchester County (Barone, J.), entered August 15, 2001, as, among other things, denied the motion of Thomas Abinanti, *inter alia*, to dismiss the proceeding insofar as asserted on behalf of John J. Dawson for failure to name and serve a necessary party, and validated the petition designating John J. Dawson.

Ordered that the order and final order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the appellant's motion which was to dismiss the proceeding insofar as asserted on behalf of John J. Dawson for failure to name and serve a necessary party is granted, the proceeding is dismissed insofar as asserted on behalf of John J. Dawson, and the matter is remitted to the Westchester County Board of Elections to remove the name of the petitioner John J. Dawson from the appropriate ballots.

The petitioner John J. Dawson contends that the Westchester County Board of Elections was the only necessary and proper party to this validation proceeding, necessitating service of process upon that body alone. We disagree. There were two objectors to the designating petition—the appellant, Thomas Abinanti, and Michael Weinberg. Although the petitioner properly named and served Abinanti as a party to the proceeding, due to Dawson's failure to name and serve Weinberg, the court lacked personal jurisdiction over a neces-

sary party. Therefore, the proceeding should have been dismissed (*see, Matter of Gadsen v Board of Elections,* 57 NY2d 751; *Matter of Wein v Molinari,* 51 NY2d 717; *Matter of Marchant v Echaveste,* 186 AD2d 101; *Matter of Moss v D'Apice,* 138 AD2d 436; *Matter of Philpotts v Black,* 122 AD2d 909; *Matter of Brosnan v Black,* 104 AD2d 469, *affd* 63 NY2d 692).

In light of the foregoing, we need not reach the appellant's remaining contentions. SANTUCCI, J. P., KRAUSMAN, GOLDSTEIN and COZIER, JJ., concur.