*861 OPINION OF THE COURT
Thomas J. Spargo, J.
Petitioner requests a judgment declaring that the designating petition of Peter B. Tunny for designation as candidate of the Republican Party for the public office of Albany County Legislator, Legislative District No. 23, County of Albany, is invalid for the following reasons:
1. Tunny has not resided in the 23rd District for at least one year prior to the date he would take office as required by section 202 of the Albany County Charter, and
2. Tunny has not submitted a sufficient number of valid signatures on his designating petition.
Petitioner filed no specific objections with the Board of Elections concerning the number or validity of the signatures contained in Tunny’s designating petition. By failing to object on that basis with the Board of Elections, petitioner waived review of the claimed objections by this court (Matter of Brosnan v Black, 104 AD2d 469, 471 [1984], affd 63 NY2d 692 [1984]; Matter of Simmons v Jaros, 255 AD2d 939 [1998]; Matter of Regan v Starkweather, 186 AD2d 980, 981 [1992]; Matter of Molloy v Scaringe, 153 AD2d 782, 783 [1989]).
Petitioner is a registered voter and an enrolled member of the Republican Party eligible to vote in the next primary and general elections for the public office of Albany County Legislator, Legislative District No. 23, County of Albany.
Tunny is the designated Republican candidate for county legislator for the 23rd District and no other candidate has filed for the Republican nomination for that office.
Tunny presently resides at 65 Bridle Path in the Town of Colonie which is located in the 27th Legislative District. Tunny has signed a contract to purchase a house located at 198 Shaker Ridge Drive in the Town of Colonie which is located in the 23rd Legislative District. All contractual contingencies have been satisfied. The date contractually set for transfer of title and possession is “on or about September 21, 2003” and a closing date has been scheduled for September 12, 2003.
Both the 23rd and 27th Districts are located wholly within the Town of Colonie and are contiguous to each other. Tunny’s present home in the 27th District is located approximately two miles from his prospective new home in the 23rd District.
Tunny has resided in the Town of Colonie for over 39 years. He is an incumbent member of the Colonie Town Board and *862 has served in that office for the past eight years. As part of his work on the town board, Tunny has served as a liaison to various town departments affecting both the 23rd and 27th Districts and has attended public meetings in the 23rd District in connection with his town board responsibilities.
The record shows that Tunny will qualify as a voter in the 23rd District pursuant to Election Law § 5-102 since he will reside at his new home in excess of 30 days prior to the November 4, 2003 election. He will also satisfy the public office residency requirements of Public Officers Law § 3 (1) and Election Law § 6-122 (see Matter of Weidman v Starkweather, 80 NY2d 955 [1992]; Matter of Clark v McCoy, 196 AD2d 607 [1993], lv denied 82 NY2d 653 [1993]; Matter of Keith v King, 220 AD2d 471, 472 [1995]).
Petitioner’s objection rests upon application of section 202 of the Albany County Charter (Local Law No. 8 [1993] of County of Albany), which provides as follows:
“All County Legislators shall be electors of the County and have been residents continuously in the County and the district represented for at least one year prior to taking office. Each County Legislator shall reside in the district from which that County Legislator seeks election at the time of nomination for office, and continue to be a resident of the County and of the district within the County which she represents for the entire term of her office, subject, however, to the following exception: in the case of an election immediately following the reapportionment of County Legislative districts, the incumbent County Legislator representing a district redrawn in such reapportionment shall be eligible for nomination for election in either the district of residence, or any newly drawn district which is contiguous to the district of residence, provided that the County Legislator shall become a resident of the district represented prior to taking office * *
The parties have stipulated that the elections affected herein will take place immediately following a reapportionment of the county legislative districts. The record is unclear as to whether either the 23rd or 27th District boundary lines have changed or will change prior to the elections as a result of either action by the county legislature or a pending federal lawsuit challenging the present reapportionment plan.
*863 Petitioner argues that Tunny will not have resided in the 23rd District for a least one year prior to taking office, if elected, on January 1, 2004 and therefore he is not a qualified candidate and the designating petition is invalid.
Tunny asserts that the one-year district residency requirement of section 202 of the Albany County Charter violates both his rights as a candidate and the rights of the voters of Albany County.
Tunny argues that section 202 arbitrarily discriminates and distinguishes between residents of the 23rd District who have satisfied the one-year residency requirement and those residents who have not. He urges that section 202 also discriminates by allowing incumbent legislators to run in any number of contingent districts following a reapportionment while denying that same right to an average citizen, including Tunny, a highly qualified and experienced town board member.
Tunny further claims that the residency restriction disenfranchises voters by improperly restricting the number of persons from which the electorate can choose.
Finally, Tunny suggests that section 202 unlawfully places a significant restriction on Tunny’s ability to relocate within the county and to run for political office.
Although petitioner argues that Tunny’s answer contained no affirmative defense challenging the constitutionality of section 202, Tunny’s brief served prior to the hearing provided petitioner requisite notice of the issue and Election Law § 16-116 provides only that a proceeding commenced pursuant to the Election Law “shall be heard upon a verified petition and such oral or written proof as may be offered.”
Section 202 is a “durational residency requirement” law with which courts have long grappled. This is because the interests of a state or local government in exercising some manner of control over candidate qualifications often clash with constitutional rights of candidates and voters.
The affected constitutional rights may include the following:
1. Equal protection (“The apparent overbreadth of the residency requirement and defendants’ failure to demonstrate a necessity therefor, leads me to invalidate any five year county residency requirement as impermissible under the Equal Protection Clause” [Billington v Hayduk, 439 F Supp 975, 979 (1977)]);
2. Intrastate or interstate travel (“The residency requirement in this case does plainly burden Callaway’s right to travel *864 within the State of New Jersey. The statute conditions his eligibility for public office, one of the highest honors and privileges of our democratic system, on his willingness to remain within the relevant geographical unit for one year” [Callaway v Samson, 193 F Supp 2d 783, 787 (2002)]);
3. The right to vote (“The fundamental right which is threatened by the one year residency requirement * * * is the combined right of persons to run for public office and the right of voters to vote for candidates of their choice” [Robertson v Bartels, 150 F Supp 2d 691, 696 (2001)]);
4. The right to run for public office (“a person has a constitutionally protected right to be considered for public office without the burden of invidiously discriminatory disqualifications” [Mogk v City of Detroit, 335 F Supp 698, 701 (1971)]);
5. The right to political association (“Confronted with a residency exclusion having such a discriminatory impact upon the fundamental rights of political association and franchise” [Phelan v City of Buffalo, 54 AD2d 262, 268 (1976)]).
In considering durational residency requirements, courts have required that the residency requirement serve either a significant or compelling governmental interest (Phelan v City of Buffalo, 54 AD2d 262, 267-269 [1976]; Billington v Hayduk, 439 F Supp 975, 978 [1977]; Robertson v Bartels, 150 F Supp 2d 691, 696; Callaway v Samson, 193 F Supp 2d 783, 786 [2002]).
Other courts have found that the residency restriction need only be reasonably related to a rational state interest (Galbraith v New York Conservative Party, 155 AD2d 183 [1990]). Significantly, the Galbraith decision involved review of a state constitutional residency requirement as opposed to a statute or, as here, a local law (see Billington at 978).
The court recognizes that legislative enactments are presumed valid and that any constitutional infirmity must be shown beyond a reasonable doubt (Matter of Van Berkel v Power, 16 NY2d 37 [1965]).
The court in De Hond v Nyquist (65 Misc 2d 526, 529-530 [1971]) describes the principal governmental interest served by a durational residency requirement:
“It seems apparent that the object sought to be achieved by prescribing residency as a requirement for holding public office is to obtain public officials who are knowledgeable about and concerned with the affairs of the unit of government they seek to *865 serve. Is there a reasonable relationship between residency and this legislative objective so that a classification between residents and nonresidents does not violate the equal protection doctrine of the Federal and State Constitutions? * * * A person who has resided in a community can reasonably be expected to be ‘more interested in, or devoted to’ (Landes v. Town of North Hempstead, 20 N Y 2d 420, 421, supra) its affairs than a nonresident. A resident has a stake in the life of his community that is not shared by a nonresident. A resident, particularly when he has lived in the community for a period of time, is more apt to be familiar with local problems, conditions and needs and thus be better qualified to perform the duties of his office.”
Section 202, on its face, provides preferential treatment to one class of citizens (incumbent county legislators) at the expense of another (average citizens, to include incumbent elected officials) in elections following reapportionment. The court discerns no logical reason for this distinction other than the county legislators’ interest in remaining in office after finding themselves in violation of the durational residency requirement, following a reapportionment.
The purported justification for the district residency restriction, that of insuring some familiarity with the district’s people and issues, would be better served by an exception in reapportionment years for incumbent town board or city council members who have significantly broader geographical contacts, responsibility and authority than a geographically limited county legislator.
Interestingly, the New York State Constitution prescribes a 12-month Assembly or Senate district residency requirement and provides for an exception in reapportionment years. That exception, however, is available to all citizens, not just incumbents (NY Const, art III, § 7).
The proof in this proceeding shows Tunny to be a highly, if not uniquely, qualified candidate for election in the 23rd District. He has served, and been observed by, these very voters for eight years as a town board member. He has lived in the town for 39 years and presently lives in a district contiguous to the 23rd. No rational governmental interest would be served by invalidating his candidacy.
In Phelan v City of Buffalo (54 AD2d 262 [1976]), the Court considered a two-year durational residency requirement to run for mayor. The Court found (at 269) that
*866 “the burden falls upon defendant to show that the limitation upon candidates and voters is essential to serve a compelling State interest. In that regard, it serves no necessary governmental objective to declare, as does the defendant, that a two-year city resident has a greater familiarity with, and a greater stake in, the problems, conditions, needs and life of his community than a more recent resident.”
Upon this record, the court finds that section 202 unreasonably infringes upon Tunny’s right to relocate within the county, deprives Tunny of his right to run for county office and restricts the right of 23rd District voters to support the candidate of their choice.
The court further finds that section 202, as applied to Tunny, serves no significant or compelling governmental interest nor, as applied, is it reasonably related to the rational objective of insuring a mutual familiarity between candidate and electorate.
The petition is denied and the proceeding dismissed.