(October 26, 2015)

■ In the Matter of DANIEL F. DONOVAN, JR., et al., Respondents-Appellants, v SYLVIA CABANA et al., Appellants-Respondents, et al., Respondents. [18 NYS3d 428]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a certificate of nomination naming Sylvia Cabana, Eve Lupenko, Michael Zangari, Tammie S. Williams, Michael Reid, Anthony Eramo, Karen Adamo, Leonico Torres, N. Scott Banks, Tammy Schwitz Robbins, Madeline Singas, Linda Kelly Mejias, Ayesha K. Brantley, Michael D. Siff, Delia DeRiggi Whitton, Eileen M. Napolitano, Matthew Malin, Judith A. Jacobs, Dean Evan Hart, Claudia Borecky, Siela Bynoe, Keith S. Lebowitz, Laura Curran, James E. Paymar, Tova Suzanne Plaut, Carl Gerrato, Mallory Nathan, Angela G. Iannacci, Peter Zuckerman, Anna Kaplan, Emily Beys, Robert K. Freier, Joseph Anthony Stufano, Sr., Charles Berman, Rita Kestenbaum, Judi Bosworth, John Mangelli, Milagros Vicente, and Dino G. Amoroso as candidates of the Women's Equality Party for certain public offices in a general election to be held

on November 3, 2015, the Women's Equality Party, Barbara Fiala, and Rachel Gold appeal, Sylvia Cabana, Eve Lupenko, Michael Zangari, Tammie S. Williams, Michael Reid, Anthony Eramo, Karen Adamo, Leonico Torres, N. Scott Banks, Tammy Schwitz Robbins, Madeline Singas, Linda Kelly Mejias, Ayesha K. Brantley, Michael D. Siff, Delia DeRiggi Whitton, Eileen M. Napolitano, Matthew Malin, Judith A. Jacobs, Dean Evan Hart, Claudia Borecky, Siela Bynoe, Keith S. Lebowitz, Laura Curran, James E. Paymar, Tova Suzanne Plaut, Carl Gerrato, Mallory Nathan, Angela G. Iannacci, Peter Zuckerman, Anna Kaplan, Emily Beys, Robert K. Freier, Joseph Anthony Stufano, Sr., Charles Berman, Rita Kestenbaum, Judi Bosworth, John Mangelli, Milagros Vicente, and Dino G. Amoroso separately appeal, and the petitioners cross-appeal, from a final order of the Supreme Court, Nassau County (Wood, J.), dated October 16, 2015, which granted the petition to invalidate the certificate of nomination.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the petitioners are not aggrieved by the final order (*see* CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]); and it is further,

Ordered that on the Court's own motion, the notice of appeal by the Women's Equality Party, Rachel Gold, and Kathleen Joy is deemed to be by the Women's Equality Party, Barbara Fiala, and Rachel Gold (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]); and it is further,

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the Nassau County Board of Elections is directed to place the names Sylvia Cabana, Eve Lupenko, Michael Zangari, Tammie S. Williams, Michael Reid, Anthony Eramo, Karen Adamo, Leonico Torres, N. Scott Banks, Tammy Schwitz Robbins, Madeline Singas, Linda Kelly Mejias, Ayesha K. Brantley, Michael D. Siff, Delia DeRiggi Whitton, Eileen M. Napolitano, Matthew Malin, Judith A. Jacobs, Dean Evan Hart, Claudia Borecky, Siela Bynoe, Keith S. Lebowitz, Laura Curran, James E. Paymar, Tova Suzanne Plaut, Carl Gerrato, Mallory Nathan, Angela G. Iannacci, Peter Zuckerman, Anna Kaplan, Emily Beys, Robert K. Freier, Joseph Anthony Stufano, Sr., Charles Berman, Rita Kestenbaum, Judi Bosworth, John Mangelli, Milagros Vicente, and Dino G. Amoroso on the appropriate ballots as candidates of the Women's Equality Party.

The Supreme Court erred in granting the petition to invalidate the certificate of nomination naming Sylvia Cabana, Eve Lupenko, Michael Zangari, Tammie S. Williams, Michael

Reid, Anthony Eramo, Karen Adamo, Leonico Torres, N. Scott Banks, Tammy Schwitz Robbins, Madeline Singas, Linda Kelly Mejias, Ayesha K. Brantley, Michael D. Siff, Delia DeRiggi Whitton, Eileen M. Napolitano, Matthew Malin, Judith A. Jacobs, Dean Evan Hart, Claudia Borecky, Siela Bynoe, Keith S. Lebowitz, Laura Curran, James E. Paymar, Tova Suzanne Plaut, Carl Gerrato, Mallory Nathan, Angela G. Iannacci, Peter Zuckerman, Anna Kaplan, Emily Beys, Robert K. Freier, Joseph Anthony Stufano, Sr., Charles Berman, Rita Kestenbaum, Judi Bosworth, John Mangelli, Milagros Vicente, and Dino G. Amoroso as candidates of the Women's Equality Party for certain public offices in a general election to be held on November 3, 2015, on the ground that the filing of two different sets of rules by the Women's Equality Party, Barbara Fiala, and Rachel Gold (hereinafter collectively the WEP appellants) created a "question or conflict relating to the rules or the rulemaking body" (Election Law § 6-128 [4]). While the WEP appellants did file two sets of rules, the second set of rules, filed with the New York State Board of Elections on July 14, 2015, explicitly stated that "[t]hese [r]ules supersede and replace any document previously filed by the Party, and shall remain in effect until such time that the WEP adopts new or amended Rules and files such Rules with the New York State Board of Elections."

Accordingly, since the second set of rules superseded and replaced the first set of rules filed by the WEP appellants, there was no conflict within the meaning of Election Law § 6-128 (4).

To the extent that the Supreme Court declined to reach the contention that the certificate of nomination was invalid on the ground that it did not comply with the requirements of Election Law § 6-128 (1) (g), that issue was not properly before that court, as it was not raised in either the general objections, the specification of objections, or the petition to invalidate the certificate of nomination. Therefore, this contention is not properly before this Court (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d at 545; *Matter of Brosnan v Black*, 104 AD2d 469, 471 [1984]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.