**Alayeto v Commissioners of Elections of the City of N.Y.**

2025 NY Slip Op 31509(U)

April 28, 2025

Supreme Court, New York County

Docket Number: Index No. 154864/2025

Judge: Jeffrey H. Pearlman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | | |
|---|---|---|---|---|
| **PRESENT:** | **HON. JEFFREY H. PEARLMAN** | | **PART** | **44M** |
| | | *Justice* | | |

-----------------------------------------------------------------------X

CLARISA M ALAYETO,

                            Plaintiff,

                - v -

COMMISSIONERS OF ELECTIONS OF THE CITY OF
NEW YORK, BOARD OF ELECTIONS IN THE CITY OF
NEW YORK,

                            Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154864/2025 |
| **MOTION DATE** | N/A, N/A |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 17, 25, 26, 36

were read on this motion to/for          ELECTION LAW - VALIDATE PETITION   .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to/for                 DISMISSAL             .

     In this special proceeding pursuant to Election Law § 16-102, petitioner Clarisa M. Alayeto (Alayeto) seeks an order for declaratory and injunctive relief against the respondents Commissioners of Elections of the City of New York and Board of Elections of the City of New York (BOE; motion sequence number 001), and non-party objectors Alexander Lorenzo Reyes Pineda and Tomas Ramos (intervenor/objectors) seek leave to intervene and dismiss Alayeto's petition (motion sequence number 002). For the following reasons, this application is denied as moot.

## BACKGROUND

     On April 2, 2025, Alayeto filed a designating petition with the respondent Board of Elections in the City of New York (BOE) to be included on the ballot of the June 24, 2025 primary election as a candidate of the Democratic party for the office of Member of the New

**154864/2025 ALAYETO, CLARISA M vs. COMMISSIONERS OF ELECTIONS OF THE CITY OF NEW YORK ET AL**
**Motion No. 001 002**

**Page 1 of 6**

[* 1]

York City Council from the 8th Council District. *See* NYSCEF document 1 (verified petition), ¶ 3. On April 3, 2025, the BOE sent Aleyto a letter notifying her that the cover sheet of her designating petition was defective because it contained inconsistent information (the zip code on the cover sheet did not match the zip code on the petition) and instructing her to cure the defect within three business days or it would be deemed fatal. *Id.*, NYSCEF document 5. On April 7, 2025, Aleyto filed an amended cover sheet to cure said defect. *Id.*, NYSCEF document 6. On April 11, 2025, after holding a public hearing, the BOE issued a determination denying Aleyto's designating petition on the ground that "[t]he amended cover sheet had errors not present in the original filing." *Id.*, NYSCEF document 7. Aleyto asserts that the "new" error was the inconsequential misspelling of her first name on the designating petition by omitting the letter "a"; i.e., "Claris" instead of "Clarisa." *Id.*, NYSCEF documents 1, ¶ 10; 6.

Also on April 7, 2025, the intervenor/objectors filed written objections to Aleyto's designating petition with the BOE. *See* NYSCEF documents 14, 15. Aleyto commenced this special Election Law proceeding to validate her designating petition via order to show cause on April 16, 2025 (motion sequence number 001). *Id.*, NYSCEF documents 9-11. Neither the order to show cause nor the verified petition that accompanied it named the intervenor/objectors as respondents. *Id.*

The intervenor/objectors initially submitted a motion seeking leave to intervene and to deny the verified petition on April 18, 2025. *See* NYSCEF document 12. However, after participating in a hearing on that date, the intervenor/objectors re-submitted their request for said relief via order to show cause on April 21, 2025 in conformity with the procedures specified in the Election Law (motion sequence number 002). *Id.*, NYSCEF documents 13-16.

**154864/2025 ALAYETO, CLARISA M vs. COMMISSIONERS OF ELECTIONS OF THE CITY OF NEW YORK ET AL** **Page 2 of 6**
**Motion No. 001 002**

2 of 6

[* 2]

Also on April 18, 2025, the Corporation Counsel of the City of New York appeared on behalf of the BOE and submitted opposition to Aleyto's petition. *See* NYSCEF document 17.

After the parties' filing of further opposition papers and supplemental letter submissions, both orders to show cause herein are ready for disposition.

## DISCUSSION

For reasons of clarity, the court will first address the intervenor/objectors' order to show cause before turning its attention to Aleyto's petition.

Pursuant to CPLR 1013:

> "Upon timely motion, any person may be permitted to intervene in any action when a statute of the state confers a right to intervene in the discretion of the court, or when the person's claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party."

CPLR 1013. The rule followed by both Appellate Divisions in New York City is that leave to intervene "is liberally allowed by courts, [and that] persons [will be permitted] to intervene in actions where they have a bona fide interest in an issue involved in [the] action." *See e.g.*, *Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 (1st Dept 2010); *Maggi v U.S. Bank Trust, N.A.*, 221 AD3d 678, 681 (2d Dept 2023); citing *Wells Fargo Bank, N.A. v McLean*, 70 AD3d 676, 677 (2d Dept 2010). This court (Edmead, J.) has held that a party who has filed timely general objections and specifications of objections to a designating petition has "a bona fide and substantial interest in the central issue" in an Election Law special proceeding to validate/invalidate said designating petition and should be granted leave to intervene in such a proceeding as a "necessary party" under CPLR 1013. *See Dylan Stevenson v. Bd. of Elections in N.Y.*, Index No. 100440/2020, 2020 NY Misc LEXIS 17290, *7 (Sup Ct NY County 2020). The intervenor/objectors clearly submitted both "general objections" and

154864/2025  ALAYETO, CLARISA M vs. COMMISSIONERS OF ELECTIONS OF THE CITY OF          Page 3 of 6
NEW YORK ET AL
Motion No.  001 002

3 of 6

[* 3]

"specifications of objections" to the BOE regarding Aleyto's designating petition. *See* NYSCEF documents 20, 21, 26, 28. Therefore, the court finds that they have established that they are entitled to leave to intervene in this special proceeding under the legal standard discussed above; i.e., that they have "a bona fide and substantial interest in the central issue" of this proceeding.

Aleyto nevertheless argues that the intervenor/objectors "fail to meet the legal standard for intervention" set forth in CPLR 1012 and that they "lack standing" because they did not serve their general objections or specifications of objections in conformity with Election Law 6-154 (3) (b). *See* NYSCEF document 23, ¶¶ 13-16, 17-22. Neither of these arguments is availing.

Aleyto cites the "legal standard for intervention" set forth in CPLR 1012 ('intervention as of right"), whereas the intervenor/objectors have met the standard set forth in CPLR 1013 ("intervention by permission"). The court thus rejects Aleyto's argument as inapposite.

Aleyto's service argument is disingenuous. Election Law 6-154 (3) (b) provides that specifications of objections must be "personally deliver[ed] or mail[ed] by overnight mail . . . to each candidate for public office named on the petition," that "[s]ervice shall be made on or before the date of filing of [the] specifications," and that "[p]roof of service shall accompany the specifications or be received by the end of two business days following the filing of the specifications, whichever is later." Aleyto argues that she "filed this instant matter on April 15, 2025," and that "[a]t the time of such filing, Proposed Intervenors had not served Petitioner with any objections." *See* NYSCEF document 23, ¶ 19. This argument suggests that the Election Law somehow obliged the intervenor/objectors to serve their objections on Aleyto before she decided to file her order to show cause to validate her rejected validation petition. It does not. The intervenor/objectors' proofs of service disclose that they filed their general objections and specifications of objections together on April 18, 2025 and that they thereafter

**154864/2025   ALAYETO, CLARISA M vs. COMMISSIONERS OF ELECTIONS OF THE CITY OF NEW YORK ET AL**
**Motion No. 001 002**

**Page 4 of 6**

4 of 6

[* 4]

served copies of those documents on Aleyto via FedEx on the same day. *Id.*, NYSCEF documents 24, 33. Thus, the documentary evidence clearly establishes that they complied with the statute's requirements that they (1) serve Aleyto "on or before the date of filing of the specifications"; and (2) also provide her with proof of service. The court therefore rejects Aleyto's service argument as belied by the record.

As a result of the foregoing, the court grants so much of the intervenor/objectors' motion as seeks leave to intervene in this proceeding pursuant to CPLR 1013.

Turning to the viability of Aleyto's order to show cause, New York law plainly and consistently holds that the failure to name individuals who have filed timely objections and specifications of objections to a designating petition as parties in a subsequent proceeding to validate such a petition is a jurisdictional defect which mandates the dismissal of that proceeding. *See e.g.*, *Matter of Gadsen v Board of Elections of City of N.Y.*, 57 NY2d 751 (1982); *Matter of Berlin v Board of Elections of City of N.Y.*, 89 AD2d 941 (1st Dept 1982); *Matter of Fusco v Westchester County Bd. of Elections*, 286 AD2d 456 (2d Dept 2001). Here, the documentary evidence establishes that the intervenor/objectors filed and served general objections and specifications of objections, and that Aleyto failed to name them as respondents on her petition or order to show cause. *See* NYSCEF documents 1, 9, 10, 14, 15, 20, 21, 24, 26, 28, 33. Accordingly, the court finds that Aleyto's petition is jurisdictionally defective and that it must be denied.

As a result of the foregoing, the court concomitantly grants so much of the intervenor/objectors' motion as seeks dismissal of this proceeding pursuant to CPLR 3211. Because it does so, the court need not reach Aleyto's alternative argument that the intervenor/objectors improperly served the order to show cause in which they sought that relief

154864/2025  ALAYETO, CLARISA M vs. COMMISSIONERS OF ELECTIONS OF THE CITY OF NEW YORK ET AL
Motion No. 001 002

Page 5 of 6

5 of 6

(i.e., the pleading which re-submitted their original motion to dismiss pursuant to the correct Election Law procedures).

## DECISION

ACCORDINGLY, for the foregoing reasons, it is hereby

ORDERED that the petition pursuant Election Law § 16-102 of Clarisa M. Alayeto (motion sequence number 001) is denied; and it is further

ORDERED that the petition pursuant CPLR §§ 1012, 1013 and 3211 of intervenors Alexander Lorenzo Reyes Pineda and Tomas Ramos (motion sequence number 002) is granted solely to the extent that the underlying matter is now denied.

Dated:

New York, New York
April 28 , 2025

ENTER:

_____
Hon. Jeffrey H. Pearlman, J.S.C.

**154864/2025 ALAYETO, CLARISA M vs. COMMISSIONERS OF ELECTIONS OF THE CITY OF NEW YORK ET AL**
**Motion No. 001 002**

**Page 6 of 6**

6 of 6

[* 6]