*956 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the judgment of Supreme Court, Monroe County, dismissing the petition to invalidate reinstated.
Appellant filed a designating petition with the Monroe County Board of Elections as the Democratic candidate for the Monroe County Legislature "representing the 8th District. Respondent objected to appellant’s petition on the grounds that appellant did not reside in the 8th District at the time the designating petition was filed. He commenced an invalidation proceeding against appellant and the Monroe County Board of Elections, which Supreme Court, Monroe County, dismissed. The Appellate Division reversed, granted the petition and invalidated the designating petition. We granted leave to appeal to address the question whether candidates for county legislator must reside in the county in which they seek election at the time they file a designating petition.
Three provisions affect the decision: Public Officers Law § 3 (1), Election Law § 6-122 and Monroe County Charter § C2-3 (A). Significantly, none of these provisions expressly mandates that a candidate for public office be a resident of the election unit at the time the designating petition is filed.
Election Law § 6-122 simply prohibits a person from being designated or nominated for public office who cannot meet the statutory or constitutional qualifications at the "commencement of the term of such office”. Public Officers Law § 3 (1) adds that candidates satisfy residency requirements as of the time they are elected. Finally, Monroe County Charter § C2-3 (A) requires that candidates for County Legislature reside in the County and legislative district in which they seek election at least 30 days prior to the election.
The interplay of these provisions fixes the earliest time for residency at 30 days prior to the election, not as of the time of filing the designating petition. While there might be policy reasons for the latter view, no provision of law so dictates. It is not for the courts but for the Legislature to impose such requirements.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order re *957 versed, without costs, and judgment of Supreme Court, Monroe County, reinstated in a memorandum.