■ In the Matter of JAN A. CLARK, Appellant, v HENRY McCOY, JR., et al., Respondents, et al., Respondents. [601 NYS2d 190] —In a proceeding to validate a petition designating Jan A. Clark as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council from the 27th Council District, and a cross petition to invalidate the designating petition, the appeal is from a judgment of the Supreme Court, Queens County (Linakis, J.), dated August 12, 1993, which granted the cross application to invalidate and dismissed the application to validate.

Ordered that the judgment is affirmed, without costs or disbursements.

Under the circumstances of this case, we find that the Supreme Court did not improvidently exercise its discretion in dismissing the appellant's application to validate based on the inexcusable dilatory tactics of the appellant's counsel.

However, we note that the Supreme Court erred in its determination that the appellant did not meet the residency requirements of Election Law § 6-122, because the appellant was not a resident of the district to which she sought election. There is no requirement that a candidate be a resident of the district at the time of the filing of the petition. The only requirement is that the candidate be a resident at the time of the election *(see,* Election Law § 6-122 [3]; Public Officers Law § 3 [1]; *Matter of Weidman v Starkweather,* 80 NY2d 955, 956). Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.