■ In the Matter of ARTHUR VENNE, Respondent, v CAROL SANFORD, as Supervisor of the Town of Nassau, et al., Respondents, and ALEXANDER F. CLEMENT et al., Appellants. [808 NYS2d 480]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Hummel, J.), entered August 9, 2005 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Supervisor of the Town of Nassau dismissing a petition for incorporation.

Petitioner commenced this CPLR article 78 proceeding to challenge the determination of respondent Supervisor of the Town of Nassau that dismissed a petition submitted pursuant

to Village Law article 2 to incorporate the Village of Dunham Hollow. Respondents submitted numerous objections to the petition for incorporation, all of which were rejected by the Supervisor, except for the objection that the petition was not signed by 20% of the duly qualified voters of the territory intended to be included within the bounds of the proposed Village. Supreme Court, finding that the Supervisor had committed certain errors, granted petitioner's application to annul the Supervisor's determination, found the petition for incorporation to be legally sufficient and directed that the matter proceed to election. Only respondents Alexander Clement, Carol Clement, Robert Green and Jennifer Corona (hereinafter collectively referred to as respondents) appeal.

Respondents first assert that there are 12 persons who submitted written, signed objections and who have not designated anyone to receive service of papers on their behalf in this proceeding (*see* Village Law § 2-210 [4] [b]). Thus, respondents argue that these 12 are necessary parties and the entire proceeding must be dismissed for failure to join them. We reject this argument for three reasons. First, at the hearing held by the Supervisor on April 11, 2005, any objector who wished to speak was required to sign in. Only Clement, Green and Corona signed in, Corona doing so "on behalf of group of objectors." The 12 persons who respondents claim are unserved objectors all signed affidavits which were attached to the written objections of others, primarily Green, a client of Corona's law firm. Under these circumstances, those 12 cannot be considered to be objectors within the meaning of the statute, their affidavits having been submitted in support of Green's formal objections. Moreover, they appear to be represented by counsel, who was served (*see Matter of Defreestville Area Neighborhoods Assn., Inc. v Tazbir*, 23 AD3d 70, 73 [2005], *lv denied* 5 NY3d 711 [2005]). Second, eight of these 12 persons signed identical preprinted affidavits containing the single objection that the proposed village boundary would bisect their property. One complained that she was listed as a regular inhabitant, but not as a registered voter; two complained that they should have been, but were not, on either list and the last objected on the basis of his claimed personal knowledge that a certain named family of four was no longer regular inhabitants of the territory. These objections are not unique to these 12 persons as they are raised and argued by respondents. "This Court has noted that when the interests of the nonjoined party and a party who has been joined ' " 'stand or fall together' " ' thereby diminishing any potential prejudice,' joinder may be excused" (*Matter of Doner v Comptroller of State of N.Y.*, 262 AD2d 750, 751 [1999] [citations omitted]; *see Matter*

*of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 594 [2005]; *cf. Matter of Fagelson v McGowan*, 301 AD2d 652, 652-653 [2003], *lv denied* 100 NY2d 503 [2003]). Third, whether someone's property is bisected by the proposed village boundary is irrelevant to the issue of the validity of the petition. Also, minor discrepancies in the lists of regular inhabitants and qualified voters may be tolerated where, as here, "the record demonstrates a good faith effort on the part of petitioners to fully comply with all mandates of the statute" (*Matter of Defreestville Area Neighborhoods Assn., Inc. v Tazbir, supra* at 75).

Respondents also argue that the petition was not signed by 20% of the persons residing in the territory of the proposed village qualified to vote. By statute, the objectors have the burden of proof on all of their objections (*see* Village Law § 2-206 [3]). To qualify for incorporation as a village, a territory must have a population of at least 500 regular inhabitants within an area of not more than five square miles (*see* Village Law § 2-200 [1] [a]). Regular inhabitants are all persons residing in the territory except those adults who maintain a residence outside the territory (and children under 18 living with them) "used as their address for purposes of voting" (Village Law § 2-200 [2]). When such a territory has been defined, a petition to incorporate it as a village may be presented to the town supervisor if at least 20% of the residents of the territory qualified to vote for town officers sign the petition (*see* Village Law § 2-202 [1] [a] [1]). Here, the petition identified 650 regular inhabitants, 71 being under age and 579 being qualified to vote.* Since the petition contained 139 signatures and 116 would suffice, the statutory mandate has been met (*see Matter of Defreestville Area Neighborhoods Assn., Inc. v Tazbir, supra* at 76-78). In this regard, we note that Supreme Court correctly determined that the Supervisor erred when she permitted numerous persons to "withdraw" their signatures at or after the hearing. The validity of the petition must be judged as of its filing. Once the Town accepted the petition and acted on it by publishing notices of the hearing, signatures may not be withdrawn (*see Matter of Gray v Town Bd. of Town of N. Hempstead, Nassau County*, 303 NY 575, 576-577 [1952]). The obvious remedy for any qualified voter who signed the petition "by mistake" or who subsequently

---

* Respondents misread footnote 10 in *Defreestville* (*see Matter of Defreestville Area Neighborhoods Assn., Inc. v Tazbir, supra* at 78). Read in proper context with the decision, our statement that the term "persons qualified to vote" is synonymous with the term "regular inhabitants" obviously is only applicable to adults residing within the territory.

changed his or her mind is to vote against incorporation when the matter is submitted to the electorate.

Lastly, as the record does not support their arguments, respondents have not sustained their burden of proof that a number of signatures must be stricken from the petition as they are illegible, written in different colored inks, improperly witnessed or the pages improperly altered or that wholesale fraud and/or forgery was committed in connection with obtaining certain signatures (*see Matter of Defreestville Area Neighborhoods Assn., Inc. v Tazbir, supra* at 77; *see also Matter of Ferraro v McNab*, 60 NY2d 601, 603 [1983]; *Matter of McHugh v Comella*, 307 AD2d 1069, 1069 [2003], *lv denied* 100 NY2d 509 [2003]). Similarly, we find no record support for, nor merit to, any of respondents' remaining arguments.

Crew III, J.P., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.