SECOND DEPARTMENT, NOVEMBER, 2007

(November 5, 2007)

■ In the Matter of MICHAEL JUSTICE et al., Appellants, v DAVID GAMACHE et al., Respondents. (Proceeding No. 1.) In the Matter of MARLENE FREDERICKS, Appellant, v DAVID GAMACHE et al., Respondents. (Proceeding No. 2.) [845 NYS2d 382]—

In related proceedings pursuant to Election Law § 16-102, inter alia, to invalidate three certificates of disqualification filed with the Dutchess County Board of Elections by Lee Kyriacou, nominated as a candidate of the Democratic Party, Working Families Party, and Beacon First Party for the public office of Member of the City Council, At Large, City of Beacon, in a general election to be held on November 6, 2007, and to invalidate three certificates of substitution filed with the Dutchess County Board of Elections by the Democratic Party, Working Families Party, and Beacon First Party, respectively, nominating Eleanor Thompson to fill the vacancy created by the disqualification of Lee Kyriacou, the petitioners appeal from a final order of the Supreme Court, Dutchess County (Dolan, J.), dated October 26, 2007, which, in effect, denied the petitions and dismissed the proceedings.

Ordered that the final order is modified, on the law, by deleting the provision thereof denying those branches of the petitions which were to invalidate the certificate of substitution filed with the Dutchess County Board of Elections by the Working Families Party nominating Eleanor Thompson to fill the vacancy created by the disqualification of Lee Kyriacou, and substituting therefor a provision granting those branches of the petitions; as so modified, the final order is affirmed, without costs or disbursements.

Lee Kyriacou, a Member of the City Council, At Large, City of Beacon, since 1993, accepted the nomination of the Democratic Party, Working Families Party, and Beacon First Party to run for reelection in the general election to be held on November 6, 2007. On September 15, 2007, Kyriacou was appointed by the Governor to the position of Executive Director of New York State Office of Real Property Services. Kyriacou accepted the position, which was in Albany, and was informed by the Governor's office that he would be required to resign from his position on the City Council to avoid any potential conflict. As a result, on September 28, 2007, Kyriacou filed three certificates of disqualification with the Dutchess County Board of Elections indicating that he had been "disqualified from running for said office by reason of moving and no longer residing in said district

with no intention of returning prior to the date of the General Election, November 6, 2007." Shortly thereafter, the Democratic Party, Working Families Party, and Beacon First Party, respectively, filed three certificates of substitution nominating Eleanor Thompson to fill the vacancy created by Kyriacou's disqualification. Subsequently, the petitioners commenced the instant proceedings to invalidate the certificates of disqualification on the ground that Kyriacou fraudulently stated that he was no longer a resident of the City of Beacon at the time he filed those documents with the Dutchess County Board of Elections. In addition, the petitioners sought, inter alia, to invalidate the certificate of substitution filed with the Dutchess County Board of Elections by the Working Families Party on the basis that there was no affidavit of consent from Thompson appended to the certificate. The Supreme Court, in effect, denied the petitions and dismissed the proceedings.

A nominated candidate who seeks to disqualify himself or herself (*see* Election Law § 6-148 [1]), must present a legal basis for doing so (*see generally Matter of Aurelio v Cohen,* 266 App Div 603, 606 [1943], *affd* 291 NY 645 [1943]; 49 NY Jurisprudence 2d, Elections § 277). One such basis may be that the candidate will not satisfy the residency requirement at the time of the general election (*see* Public Officers Law § 3 [1]; *Matter of Keith v King,* 220 AD2d 471, 471-472 [1995]; *Matter of Clark v McCoy,* 196 AD2d 607 [1993]). The term "residence" is defined as "that place where a person maintains a fixed, permanent and principal home and to which he, wherever temporarily located, always intends to return" (Election Law § 1-104 [22]; *see Matter of Hosley v Curry,* 85 NY2d 447, 451 [1995]; *Matter of Fernandez v Monegro,* 10 AD3d 429 [2004]).

We do not read the certificates of disqualification as narrowly as the petitioners would have us, that is, that Kyriacou stated he was no longer a resident of the City of Beacon at the time he filed those documents. Rather, a fair reading of those documents reveals that Kyriacou indicated that he would no longer be able to satisfy the residency requirement at the time of the general election, a statement which is supported by the evidence presented. Specifically, Kyriacou resigned from his position on the Beacon City Council effective October 17, 2007, and commenced his position with the State two days later. He began living in an apartment in Troy with his daughter, who was attending high school in the area. Moreover, he registered to vote in Rensselaer County (*cf. Matter of Camardi v Sinawski,* 297 AD2d 357, 358 [2002]). Accordingly, the certificates of disqualification were valid and were not permeated with fraud.

Election Law § 6-148 (5) requires that a certificate to fill a vacancy "shall have appended thereto" the substituted candidate's "written consent to be so designated or nominated, duly acknowledged." Here, with the certificate of substitution of the Working Families Party filed with the Dutchess County Board of Elections on October 2, 2007, there was no affidavit "appended thereto" from Thompson consenting to the nomination. Although three days later the Working Families Party attempted to cure this defect by filing an affidavit from Thompson consenting to the nomination, that document was not appended to a completed certificate of substitution. In both instances, the Working Families Party failed to comply with the requirements of Election Law § 6-148 (5). Contrary to the respondents' contention that these two separate filings should be considered together, where, as here, the matter is "of prescribed content," there must be strict compliance with the statutory requirements (*see Matter of Rhodes v Salerno,* 57 NY2d 885, 887 [1982]; *Matter of Hutson v Bass,* 54 NY2d 772, 774 [1981]; *Matter of Flach v De Benedictus,* 265 AD2d 670, 671 [1999]). Accordingly, the certificate of substitution filed by the Working Families Party nominating Thompson to fill the vacancy created by Kyriacou's disqualification must be invalidated (*see Matter of Flach v De Benedictus,* 265 AD2d 670 [1999]; *Matter of Farley v Mahoney,* 115 AD2d 350 [1985]; *Matter of Scott v Curran,* 277 App Div 344, 345 [1950], *affd* 301 NY 693 [1950]; *see also Diaz v New York City Bd. of Elections,* 335 F Supp 2d 364, 366-367 [2004]).

The petitioners' remaining contentions are without merit. Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.