█ In the Matter of ALICE KRYZAN et al., Appellants, v NEW YORK STATE BOARD OF ELECTIONS, Respondent, and CHRISTO-PHER J. LEE, Respondent. [865 NYS2d 793]—

Per Curiam. (1) Motion by petitioners to vacate an order of this Court, entered October 29, 2008 (55 AD3d 1133 [2008]), which dismissed petitioners' appeal from an order of the Supreme Court, Albany County, dated October 27, 2008, and (2) appeal from an order of the Supreme Court (O'Connor, J.), entered October 30, 2008 in Albany County, which, in a proceeding pursuant to Election Law § 16-102, granted the motion of respondent Christopher J. Lee to dismiss the petition.

In late September 2008, respondent New York State Board of Elections certified the ballot listing, among other candidates, petitioner Jon Powers as the Working Families Party (hereinafter WFP) candidate for the public office of Member of the United States House of Representatives for the 26th Congressional District in the November 4, 2008 general election. Less than two weeks after such certification, Powers notified the Board that he had established permanent residence and domicile outside of New York State and requested that his name be removed as the WFP candidate for Congress due to his disqualification for said office. Within a week of such notification, on October 14, 2008, the WFP timely filed with the Board a certificate of nomination and authorization naming petitioner Alice Kryzan to fill the vacancy caused by Powers's purported disqualification (*see* Election Law § 6-158 [8]). By letter to Powers dated October 17, 2008, the Board indicated that it had not reached a "unanimous opinion" as to whether a vacancy existed due to Powers's alleged disqualification. Accordingly, the Board indicated that it was unable to amend the ballot certification and declined to consider the WFP's certificate of nomination and authorization naming Kryzan. Petitioners then commenced this proceeding by order to show cause and petition dated that same day.

Following joinder of issue by the Board, respondent Christopher J. Lee moved to dismiss the petition. By order dated October 27, 2008, Supreme Court granted the motion, concluding that the proceeding was time-barred, that necessary parties had not been joined and that petitioners had failed to state a cause of action. Petitioners filed a notice of appeal from such order on October 28, 2008 but, on October 29, 2008, this Court dismissed the appeal without prejudice, upon Lee's motion and upon the ground that the order appealed from had not yet been entered (55 AD3d 1133 [2008]). Upon their submission on October 30, 2008 of a notice of entry of Supreme Court's order, petitioners now move this Court to vacate its October 29, 2008 order and consider the merits of the appeal.

Petitioners' motion to vacate is granted. This Court has the inherent authority, as well as the statutory power (*see* CPLR 5015 [a]), to vacate its own orders "for sufficient reason, in the furtherance of justice" (*McMahon v City of New York*, 105 AD2d 101, 105 [1984]; *see Ladd v Stevenson*, 112 NY 325, 332 [1889]; *Maiello v Chrysler Corp.*, 150 AD2d 849, 849 [1989], *lv dismissed* 74 NY2d 945 [1989]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:11, at 223). Here, had either party entered the order in question in advance of petitioners' appeal (*see* CPLR 5513 [a]; 5515 [1]), we would not have been constrained to dismiss this appeal in the first instance. Now that a duly entered order is before us, however, and mindful that voting machines must be legally correct in four days, we may exercise our discretionary authority to treat the previously filed notice of appeal as merely premature and, in the interest of justice, deem such appeal valid (*see* CPLR 5520 [c]; *see e.g. Matter of Lautenschuetz v AP Greene Indus., Inc.*, 48 AD3d 948, 949 n 1 [2008]). Accordingly, given the constrained time frame in which this proceeding necessarily arises and in light of "our strong preference for deciding cases on their merits" (*Wade v Village of Whitehall*, 46 AD3d 1302, 1303 [2007]), we grant petitioners' motion to vacate the October 29, 2008 order of this Court and deem the notice of appeal dated October 28, 2008 to be valid nunc pro tunc (*see* CPLR 5520 [c]; *Herring v City of Syracuse*, 63 AD2d 833 [1978]).

Turning to the merits of the appeal, Supreme Court first concluded that the instant proceeding was time-barred. We note that Election Law § 6-148 sets forth the applicable procedure where a vacancy is allegedly created by, among other things, the disqualification of a candidate. Specifically, the statute provides that such vacancy "may be filled by the making and filing of a

certificate, setting forth the fact and cause of the vacancy, the title of the office, the name of the original candidate, if any, and the name and address of the candidate newly designated or nominated'' (Election Law § 6-148 [1]). Further, the statute dictates that where, as here, a vacancy occurs in a nomination determined after a primary (*see generally* Election Law § 6-110), such vacancy is to be filled by a committee of the party in question (*see* Election Law § 6-148 [3]). Accordingly, insofar as this matter concerns a "meeting of a party committee," petitioners had 10 days after "the filing of the certificate of nomination[ ] made at such . . . meeting of a party committee" within which to commence the instant proceeding (Election Law § 16-102 [2]; *compare Matter of Stampf v Hill*, 218 AD2d 919, 920 [1995]). Inasmuch as this proceeding was commenced a mere three days after the certificate nominating Kryzan was filed, Supreme Court erred in concluding that it was time-barred.

Supreme Court also erred in concluding that dismissal of the petition was warranted due to the failure to join indispensable parties, i.e., certain voter-objectors to the WFP's certificate of nomination and authorization naming Kryzan (*see generally* CPLR 1001). Initially, we note that such objections were mailed to Kryzan on the very day this proceeding was commenced—a Friday—and were not registered with the Board until the following Monday.* In our view, to require petitioners to join objectors who were unknown to them at the time that this proceeding was commenced is to impose an unreasonable level of prescience upon them. Regardless, inasmuch as Lee, a named respondent, has raised the very same issue in opposition to the petition as was voiced by the objectors before the Board, it cannot be said that the interests of the objectors are not adequately represented by those parties already joined (*see Matter of Venne v Sanford*, 25 AD3d 1007, 1008 [2006]; *Matter of Doner v Comptroller of State of N.Y.*, 262 AD2d 750, 750-751 [1999]; *Matter of Awad v State Educ. Dept. of N.Y.*, 240 AD2d 923, 925 [1997]).

Finally, as to the merits of the petition, petitioners request a declaration (1) that, due to Powers's purported disqualification, a vacancy exists in the WFP's nomination for the office in question, and (2) that the certificate of nomination and authorization filed with the Board naming Kryzan as the WFP candidate is valid. On the first point, it is settled that "[a] nominated candidate who seeks to disqualify himself or herself . . . must present a legal basis for doing so" (*Matter of Justice v Gamache*,

---

* So far as the record reflects, such objections have not yet been passed upon by the Board.

45 AD3d 508, 510 [2007]). It is equally well established that "[o]ne such basis may be that the candidate will not satisfy the residency requirement at the time of the general election" (*id.*; *see* Election Law § 6-122; Public Officers Law § 3 [1]; *Matter of Keith v King*, 220 AD2d 471, 472 [1995]; *Matter of Clark v McCoy*, 196 AD2d 607, 607 [1993]). Here, in the absence of evidence to the contrary, Powers's letters to the Board and his concomitant submission of an out-of-state driver's license and lease agreement conclusively establish his intention to establish residency outside of this state (*see* Election Law § 1-104 [22]; *Matter of Hosley v Curry*, 85 NY2d 447, 451-452 [1995]; *Matter of Justice v Gamache*, 45 AD3d at 510; *Matter of Gresser*, 136 NYS2d 468, 470 [1954]; *cf. Matter of Larkin v Herbert*, 185 AD2d 607, 608 [1992]) and, therefore, his disqualification for the office in question (*see Matter of Justice v Gamache*, 45 AD3d at 510).

Nonetheless, Supreme Court concluded that dismissal of the proceeding was compelled by *Texas Democratic Party v Benkiser* (459 F3d 582 [5th Cir 2006]). In *Benkiser*, the Fifth Circuit Court of Appeals determined that a Texas statute imposing a preelection residency requirement upon candidates for Congress violated the Qualifications Clause of the US Constitution (*see* US Const, art I, § 2 [2]) since it imposed an inhabitancy requirement over and above that required by the clause itself (*Texas Democratic Party v Benkiser*, 459 F3d at 589-590). Notably, however, we are not bound by the determination of the Fifth Circuit (*see generally People v Kin Kan*, 78 NY2d 54, 59-60 [1991]), particularly with respect to its determination regarding the constitutionality of a Texas statute that is merely analogous—but not identical—to the statutory scheme of this state. To that end, we need only note that "the only requirement" imposed by this state's Election Law "is that the candidate be a resident at the time of the election" (*Matter of Clark v McCoy*, 196 AD2d at 607; *see* Election Law § 6-122; Public Officers Law § 3 [1]; *Matter of Weidman v Starkweather*, 80 NY2d 955, 956 [1992]; *Matter of Lindgren*, 232 NY 59, 64 [1921]; *Matter of Keith v Kim*, 220 AD2d at 472). Accordingly, it cannot be said that this state's statutory provisions run afoul of the Qualifications Clause.

Given that a vacancy was created by Powers's disqualification, the Board was obliged to accept the WFP's certificate of nomination and authorization naming Kryzan in the absence of irregularities on the face of the certificate (*see* 50 NY Jur 2d, Elections § 365). Inasmuch as the record reflects, and the parties do not dispute, that the certificate complied in every respect

with the applicable statute (*see* Election Law § 6-148; *compare Matter of Justice v Gamache*, 45 AD3d at 511), the Board was duty bound to accept it.

Cardona, P.J., Peters, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that petitioners' motion to vacate the October 29, 2008 order of this Court (55 AD3d 1133 [2008]) is granted, without costs. Ordered that the order of the Supreme Court entered October 30, 2008 is reversed, on the law, without costs, petition granted and respondent New York State Board of Elections is directed to place petitioner Alice Kryzan's name on the ballot as the Working Families Party candidate for the public office of Member of the United States House of Representatives for the 26th Congressional District in the November 4, 2008 general election.