[955 NE2d 343, 931 NYS2d 36]

DIANE YATAURO et al., Appellants, v EDWARD P. MANGANO, as Nassau County Executive, et al., Respondents, and WILLIAM T. BIAMONTE, Appellant.

Argued August 24, 2011; decided August 30, 2011

## POINTS OF COUNSEL

*Jaspan Schlesinger LLP*, Garden City (*Steven R. Schlesinger* of counsel), for Diane Yatauro and others, appellants. I. There is no basis in the Nassau County Charter to immediately redistrict the 19 legislative districts of Nassau County for the use in the 2011 general election. (*Frank v Meadowlakes Dev. Corp.*, 6 NY3d 687; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Rangolan v County of Nassau*, 96 NY2d 42; *Reynolds v Sims*, 377 US 533; *League of United Latin American Citizens v Perry*, 548 US 399; *Matter of Anderson v Board of Educ. of City of Yonkers*, 46 AD2d 360, 38 NY2d 897.) II. The interpretation of Nassau County Charter § 112 as set forth in the August 9, 2011 Appellate Division, Second Department decision will lead to an absurd result. (*Long v State of New York*, 7 NY3d 269.)

*Thomas J. Garry*, Mineola, for William T. Biamonte, appellant. I. The redistricting plan cannot be implemented for the 2011 election. (*Matter of Gross v Albany County Bd. of Elections*, 3 NY3d 251; *Matter of Panio v Sunderland*, 4 NY3d 123.) II. The plain language of the Nassau County Charter requires reversal of the appellate decision. (*Frank v Meadowlakes Dev.*

*Corp.*, 6 NY3d 687; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577.) III. The appellate decision contradicts state law. (*Matter of Monahan v Murphy*, 71 AD2d 92; *Matter of Gross v Albany County Bd. of Elections*, 3 NY3d 251; *Matter of Fahy v New York State Bd. of Elections*, 104 AD2d 535; *Matter of Fromson v Lefever*, 112 AD2d 1064; *Matter of Higby v Mahoney*, 48 NY2d 15; *Matter of Staber v Fidler*, 65 NY2d 529; *Matter of Engel v Board of Elections of State of N.Y.*, 144 AD2d 175.) IV. Nassau County Charter §§ 113 and 114 fulfill the purpose of the legislative intent. (*Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d 128; *Schulman v Group Health Inc.*, 39 AD3d 223; *Pataki v Kiseda*, 80 AD2d 100; *Matter of Schacht v Allen*, 20 AD2d 507; *People ex rel. Mason v McClave*, 99 NY 83.)

*John Ciampoli, County Attorney*, Mineola (*Joseph Nocella, Alpa Sanghvi, Dennis J. Saffran* and *Andrew K. Preston* of counsel), for Edward P. Mangano and another, respondents. I. Election Law § 4-106 (2) is inapplicable to this action. (*City of New York v New York City Bd. of Elections in City of N.Y.*, 77 NY2d 938; *Matter of Broda v Monahan*, 309 AD2d 959; *Matter of Engel v Board of Elections of State of N.Y.*, 144 AD2d 175; *Matter of Monahan v Murphy*, 71 AD2d 92, 51 NY2d 807; *Bareham v City of Rochester*, 246 NY 140; *National Org. for Women v Metropolitan Life Ins. Co.*, 131 AD2d 356, 70 NY2d 939; *Reynolds v Sims*, 377 US 533.) II. The Appellate Division, Second Department, dissent's conjuring of "absurd results" represents the type of theoretical speculation that this Court has cautioned against. (*Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62; *National Assn. of Ind. Insurers v State of New York*, 89 NY2d 950; *Pashcow v Town of Babylon*, 53 NY2d 687.) III. The Appellate Division, Second Department, dissent's allusion to "constitutional safeguards," when there are no constitutional claims in this case, is unavailing: an interim redistricting to comply with one person/one vote more quickly than constitutionally required does not "deprive" anyone of "constitutional safeguards." (*Reynolds v Sims*, 377 US 533.) IV. The Nassau County Charter has been properly applied and interpreted in this case. (*Matter of Burke v Krug*, 161 Misc 687; *Mehiel v County Bd. of Legislators of County of Westchester*, 175 AD2d 109, 78 NY2d 855; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95; *Ferrin v New York State Dept. of Correctional Servs.*, 71 NY2d 42; *Rangolan v County of Nassau*, 96 NY2d 42.)

*Bee Ready Fishbein Hatter & Donovan, LLP*, Mineola (*Peter A. Bee, William C. De Witt, Stephen L. Martir* and *Court Cousins* of counsel), and *Ryan, Brennan & Donnelly, LLP*, Floral Park (*John E. Ryan* of counsel), for Peter J. Schmitt and others, respondents. I. The Nassau County Charter governs the disposition of the issues in this case. (*Mehiel v County Bd. of Legislators of County of Westchester*, 175 AD2d 109, 78 NY2d 855.) II. Municipal Home Rule Law § 35 empowers the Nassau County Legislature to interpret its own charter and local laws. III. Before the 2011 election cycle commenced, Local Law No. 3-2011 of the County of Nassau became the "law of the land." (*Transaero, Inc. v Biri Assoc. Corp.*, 39 AD3d 738; *Wilson v Wilson*, 21 AD3d 548; *Matter of Maron v Silver*, 14 NY3d 230; *Hussein v State of New York*, 81 AD3d 132.) IV. The Court should avoid judicial legislation. (*Pajak v Pajak*, 56 NY2d 394.) V. Legislative redistricting plans carry a "strong presumption of constitutionality." (*Matter of Wolpoff v Cuomo*, 80 NY2d 70; *Matter of Fay*, 291 NY 198.) VI. Election Law § 4-106 (2) is inapplicable to this proceeding. VII. Even if the Legislature's sole redistricting experience was an "established past practice," the Legislature is free to establish new practices. (*Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y.*, 286 App Div 28, 309 NY 569; *Matter of Cowan v Kern*, 41 NY2d 591; *Grumet v Cuomo*, 90 NY2d 57; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786.) VIII. The trial court erroneously accepted, and relied upon, inadmissible statements of legislative intent. (*Matter of Garufi v Bennett*, 150 Misc 2d 799; *Matter of Daniel C.*, 99 AD3d 35, 63 NY2d 927; *McKechnie v Ortiz*, 132 AD2d 472, 72 NY2d 969; *Civil Serv. Empls. Assn. v County of Oneida*, 78 AD2d 1004, 53 NY2d 603.) IX. Impossibility of performance is not an issue for review on this appeal.

*Carrie M. Solages*, Elmont, amicus curiae pro se. I. The Appellate Division decision should be reversed and the short form order of the Supreme Court should be affirmed finding that, pursuant to the Election Law and the Nassau County Charter there is no legal basis to immediately adjust the 19 legislative districts of Nassau County based upon the 2010 census data and implement Local Law No. 3-2011 of the County of Nassau for use in the upcoming 2011 general election of the Legislature. II. The Appellate Division, Second Department, dissent properly held that the implementation of Local Law No. 3-2011 of the County of Nassau in the 2011 election would violate the three-step process in Nassau County Charter §§ 112, 113 and 114 and would be inconsistent with the Election Law.

Per Curiam.

In 1994, pursuant to a judicial determination that the system of "weighted voting" used by the local legislative body ran afoul of the Equal Protection Clause (*see Jackson v Nassau County Bd. of Supervisors*, 818 F Supp 509, 535 [ED NY 1993]), the Nassau County Board of Supervisors passed Local Law No. 11-1994 of the County of Nassau. To complete the court-ordered legislative restructuring, the Nassau County Commission on Government Revision was established and, after conducting public hearings, generated a proposal. The proposal ultimately resulted in the amendment of the County Government Law of Nassau County (hereinafter Nassau County Charter), approved by voter referendum, to establish a County Legislature comprised of 19 single-member districts, taking the place of the existing six-member Board of Supervisors (*see* Local Law No. 11-1994). The amendments included provisions setting forth the boundaries of the 19 legislative districts and providing procedures for reapportioning those districts based on the results of each decennial United States census. As first proposed by the Commission on Government Revision, section 112 of the Nassau County Charter constituted the core reapportionment provision. The outgoing Board of Supervisors, however, refused to approve the proposal in that form and added sections 113 and 114 to the final version of the Charter.

Section 112 mandates that "[t]he nineteen county legislative districts shall be set forth in the map attached hereto as Annex A, bounded and described in said Annex A" (Nassau County Charter § 112 [1]). In addition, the statute requires that

> "[t]he County Legislature shall within six months after public announcement of the enumeration of the inhabitants of Nassau County in each decennial federal census commencing with the federal census for the year 2000, adopt a local law amending Annex A hereto to describe the nineteen county legislative districts which shall be based upon the new census data. Such local law shall comply with the legal and constitutional requirements for equal representation in the County Legislature of the residents of the county" (Nassau County Charter § 112 [2]).

Section 113 provides for an 11-member bipartisan commission—a "temporary districting advisory commission"—which

would be "established [in] each legislative term in which the legislature is required to reapportion the county legislative districts as a result of the federal decennial census" (Nassau County Charter § 113 [1] [a]). The time frame for the appointment of commission members is "no earlier than one year and eight months before, and no later than one year and six months before, the general election of the county legislators to be held in the year two thousand and three and every ten years thereafter in accordance with the provisions of this section" (Nassau County Charter § 113 [1] [a]). The commission is to recommend a reapportionment plan for the 19 legislative districts and is permitted to hold public hearings, and hire consultants, experts and others as necessary to assist the commission with its work (*see* Nassau County Charter § 113 [2], [3]). The commission must submit its plans and recommendations to the County Legislature "[n]o later than ten months before the general election" (Nassau County Charter § 113 [4]).

Finally, the County Legislature can adopt the advisory commission's proposed plan or any other redistricting plan that comports with constitutional and statutory requirements (*see* Nassau County Charter § 114). "The County Legislature, shall, no later than eight months before such general election . . . prepare and adopt by local law a final plan for the redistricting of the county legislature" (Nassau County Charter § 114).

On May 24, 2011, the County Legislature adopted Local Law No. 3-2011 of the County of Nassau, reapportioning the 19 legislative districts based on the results of the 2010 federal census, and specified new metes and bounds descriptions for each of the legislative districts. Petitioners assert that roughly 44% of the County's population would be moved into new legislative districts as a consequence of the amendment. Respondents maintain that population shifts over the past decade have resulted in substantial deviations among the existing districts that mandate adjustment.

Plaintiffs/petitioners commenced this hybrid declaratory judgment action/CPLR article 78 proceeding on May 10, 2011, seeking a declaration that the implementation of Local Law No. 3-2011 in relation to the November 8, 2011 general election is null and void for lack of compliance with the Nassau County Charter. Supreme Court concluded that petitioners were entitled to partial relief because there was "no basis in the Nassau County Charter itself, the legislative intent, the legislative history, or the established past practice of the Legislature" for

adjusting the district lines prior to the 2011 general election (32 Misc 3d 838, 852 [2011]). The court determined that sections 112 through 114 of the Nassau County Charter required that a three-step redistricting process be implemented before new lines are adopted for the 2013 general election. The court declared that adoption of Local Law No. 3-2011 was in accord with Nassau County Charter § 112, but that its implementation for use in the 2011 general election was ineffective for lack of compliance with Nassau County Charter §§ 113 and 114. The court further declared that new district lines based on the 2010 census data would not go into effect until the 2013 general election and therefore the 2011 general election would be held based on the district lines designated in Local Law No. 2-2003 of the County of Nassau.

The Appellate Division reversed insofar as appealed from, declaring that the legislative boundaries designated in Local Law No. 3-2011 must be implemented in connection with the 2011 general election and affirmed insofar as cross-appealed from, declaring that the adoption of the local law was in accord with Nassau County Charter § 112 (87 AD3d 582 [2011]). The Court found that the County Legislature was required "to formally amend Annex A," not merely to propose new district lines that would not take effect until after the completion of a three-step redistricting process (87 AD3d at 587). The Court determined that the metes and bounds descriptions of the 19 legislative districts stated in Annex A, as amended by Local Law No. 3-2011, were the operative district lines to be used in the 2011 general election and that they would remain in effect until further amendment of Annex A.

Two justices dissented in part. They would have held that Nassau County Charter §§ 112 through 114 required a three-step process and that, although the adoption of Local Law No. 3-2011 was the first step in that process, it did not operate to alter the legislative district boundaries for the 2011 general election. Petitioners appeal to this Court as of right (*see* CPLR 5601 [a]) and we now reverse.

"When presented with a question of statutory interpretation, our primary consideration 'is to ascertain and give effect to the intention of the Legislature' " (*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006], quoting *Riley v County of Broome*, 95 NY2d 455, 463 [2000]). The starting point for discerning legislative intent is the language of the statute itself (*see Roberts v Tishman Speyer Props., L.P.*, 13 NY3d 270, 286

[2009]). "Courts must harmonize the various provisions of related statutes and . . . construe them in a way that renders them internally compatible" (*Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149, 153 [2001] [internal quotation marks and citation omitted]).

Against this background, we consider the provisions at issue. The heart of the dispute between these parties is whether the new metes and bounds descriptions in Local Law No. 3-2011 apply to the 2011 general election or whether they are the first part of a three-step process to take effect in 2013.

The conflicting provisions of sections 112 and 113 can be reconciled only if section 112 is interpreted to provide for new metes and bounds descriptions as the initial step of an integrated process that includes consideration of the recommendations of a temporary commission with public input (*see* Nassau County Charter § 113), and culminates in the adoption of a redistricting plan "no later than eight months before [the] general election" (Nassau County Charter § 114). Such an integrated interpretation results in an orderly, deliberative process and avoids the prospect of redrawing district lines in two consecutive general elections.

For the reasons stated above, we hold that Supreme Court properly declared that Local Law No. 3-2011 is in accord with Nassau County Charter § 112, but that its implementation is null and void in connection with the November 8, 2011 general election for lack of compliance with Nassau County Charter §§ 113 and 114.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, without costs, and the order and judgment of Supreme Court reinstated.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in per curiam opinion.

Order, insofar as appealed from, reversed, etc.