■ In the Matter of WILLIAM T. BIAMONTE, Respondent, v LOUIS G. SAVINETTI, Appellant. [929 NYS2d 173]—

In the months preceding the primary and general elections for the year 2011, the Nassau County Legislature adopted Local Law No. 3-2011 of County of Nassau (hereinafter Local Law 3-2011), which redrew the metes and bounds of the County's 19 legislative districts based on the results of the 2010 decennial federal census (*see Yatauro v Mangano*, 17 NY3d 420 [2011]).

This law temporarily supplanted Local Law No. 2-2003 of County of Nassau (hereinafter Local Law 2-2003), which provided a different set of metes and bounds for the legislative districts based on the prior decennial federal census. On August 30, 2011, the Court of Appeals determined, among other things, that the implementation of Local Law 3-2011 was null and void in connection with the general election scheduled to be held on November 8, 2011 (*see Yatauro v Mangano*, 17 NY3d 420 [2011]) and, thus, the legislative district map set forth in Local Law 2-2003 would be controlling for the 2011 election cycle.

Prior to the Court of Appeals determination, the Nassau County Board of Elections (hereinafter the Board of Elections) received several designating and independent nominating petitions which, by reason of certain information contained on the cover sheets of those petitions, purported to condition the designations and nominations on the outcome of the aforementioned litigation. As relevant here, the Board of Elections received four separate designating petitions which, in the event that Local Law 2-2003 was determined to be controlling, purported to designate Christian Browne, James Milano, Robert A. Germino, Jr., and Fred J. Jones as candidates in the primary elections for the nominations of the Republican Party as its candidates for the public offices of County Legislator of the 5th, 16th, 18th, and 19th legislative districts, respectively. However, the Board of Elections also received four separate designating petitions which, in the event that Local Law 3-2011 was determined to be controlling, purported to designate Fred J. Jones, Bruce P. Kennedy, Jr., Donald N. MacKenzie, and Jaswick S. Williams as candidates in the primary elections for the nominations of the Republican Party as its candidates for the public offices of County Legislator of the 5th, 16th, 18th, and 19th legislative districts, respectively. The Board of Elections also received Conservative Party designating petitions from each of these same candidates which were similarly conditioned, that is, Browne, Milano, Germino, and Jones were to be designated as candidates for the nomination of the Conservative Party with respect to the office of County Legislator for the 5th, 16th, 18th, and 19th legislative districts, respectively, in the event that Local Law 2-2003 was controlling, whereas Jones, Kennedy, MacKenzie, and Williams were to be designated as candidates for the nomination of those same offices in the event that Local Law 3-2011 was controlling. These same parties also submitted independent nominating petitions for the Tax Revolt Party which were purportedly conditioned in an identical manner. Although the cover sheets on each designating and inde-

pendent nominating petition specified whether the legislative district was defined by Local Law 2-2003 or Local Law 3-2011, the voter signature sheets which comprised the petition contained no such distinction. Prior to the Court of Appeals decision in *Yatauro*, each of these designees/nominees submitted certificates of acceptance, pursuant to which they agreed to accept the subject designations and nominations contained in the various petitions. After the Court of Appeals determined that the implementation of Local Law 3-2011 was null and void in connection with the November 8, 2011, general election, Jones, Kennedy, MacKenzie, and Williams drafted letters to the Board of Elections declining their designations and nominations relating to the 5th, 16th, 18th, and 19th legislative districts, respectively, i.e., those purportedly conditioned on the applicability of Local Law 3-2011.

The petitioner, William T. Biamonte, a commissioner of the Board of Elections, commenced the instant proceeding, inter alia, pursuant to CPLR article 78, seeking, among other things, to compel Louis G. Savinetti, the other commissioner of the Board of Elections, to comply with articles 4, 6, and 7 of the Election Law and take all steps necessary to prepare and administer the Republican and Conservative primary elections for the public offices of County Legislator for the 5th, 16th, 18th, and 19th legislative districts to be held on September 13, 2011. Savinetti opposed the petition, arguing, among other things, that a primary election was not necessary because the designating petitions which were conditioned upon the applicability of Local Law 3-2011 were rendered inapplicable to the November 8, 2011, general election by the Court of Appeals in *Yatauro* and, thus, the number of candidates designated did not exceed the number to be nominated by either the Republican Party or the Conservative Party for those offices. Savinetti (hereinafter the appellant), counterclaimed, inter alia, for a declaration that the alternative sets of designating petitions for the legislative offices for districts 5, 16, 18, and 19 under Local Law 2-2003 and Local Law 3-2011 do not require a primary election. After noting that the petitioner made an oral application for the same relief with respect to the independent nominating petitions for the Tax Revolt Party, the Supreme Court granted the petition and denied the counterclaim, directing, among other things, that the appellant comply with articles 4, 6, and 7 of the Election Law and take all steps necessary to prepare and administer primary elections to be held on September 13, 2011, in the 5th, 16th, 18th, and 19th legislative districts for the Republican, Conservative, and Tax Revolt candidates. We affirm the final order and judgment insofar as appealed from.

Initially, the appellant is correct that, in a primary election, the names of candidates for uncontested offices, i.e., those offices for which the number of candidates designated does not exceed the number to be nominated by the party, and for which no valid petition requesting an opportunity to write in the name of a candidate has been filed, shall not be printed upon the official ballot (*see* Election Law § 1-104 [10]; § 7-102). However, in this case, the number of candidates designated for the office of County Legislator for the 5th, 16th, 18th, and 19th legislative districts exceeds the number to be nominated by the Republican, Conservative, and Tax Revolt parties. A petition filed with the Board of Elections "shall be presumptively valid if it is in proper form and appears to bear the requisite number of signatures, authenticated in a manner prescribed by this chapter" (Election Law § 6-154 [1]), and "[t]his validity can only be destroyed where a challenge is brought on particularized grounds" (*Matter of McLiverty v Lefever*, 133 AD2d 720, 721 [1987]). It is undisputed that none of the designating or nominating petitions submitted by Jones, Kennedy, MacKenzie, and Williams, relating to the 5th, 16th, 18th, and 19th legislative districts, respectively, were determined to be invalid after such a challenge. Likewise, the certificates of acceptance, which did not expressly condition the candidates' acceptances on the applicability of Local Law 3-2011, also were not invalidated after a challenge (*cf. Matter of Meehan v Giunta*, 74 AD3d 972 [2010]). Thus, the presumption of validity remains intact. Accordingly, in the case of the Republican and Conservative parties, there are at least two designating petitions pertaining to the offices of County Legislator for the 5th, 16th, 18th, and 19th legislative districts which were never invalidated. Likewise, in the case of the Tax Revolt Party, there are at least two independent nominating petitions for the office of County Legislator for the 5th, 16th, 18th, and 19th legislative districts which were never invalidated.

Contrary to the appellant's contention, the notarized letters from Jones, Kennedy, MacKenzie, and Williams, addressed to the commissioners of the Board of Elections, which the appellant submitted as an exhibit in opposition to the instant petition and in support of his counterclaim, are insufficient to decline the subject designations and nominations. "The failure to file . . . the acceptance or declination of [a] designation or nomination within the time prescribed . . . shall be a fatal defect" (Election Law § 1-106 [2]). It is undisputed that these affidavits, insofar as they could be deemed certificates of declination, were not submitted within the statutorily prescribed times (*see* Election Law § 6-158 [2], [11]). Despite the unique circum-

stances of this case, "the judiciary is foreclosed from fashioning any exceptions to this requirement, however reasonable they might appear" (*Matter of Irvin v Sachs*, 129 AD2d 827, 828 [1987]; *see Matter of Rhodes v Salerno*, 57 NY2d 885 [1982], *affg* 90 AD2d 587 [1982]; *Matter of Baker v Monahan*, 42 NY2d 1074, 1075 [1977]; *Matter of Carr v New York State Bd. of Elections*, 40 NY2d 556, 558-559 [1976]; *Matter of Scaturro v Becker*, 76 AD3d 687 [2010]; *Matter of Spencer*, 71 AD2d 1062 [1979]). Where, as here, a designee's declination is invalid, his or her name must remain on the ballot (*see Matter of Burns v Wiltse*, 303 NY 319 [1951]; *Matter of Harper v New York State Bd. of Elections*, 34 AD3d 919, 920 [2006]; *Matter of Spencer*, 71 AD2d 1062 [1979]).

Furthermore, contrary to the appellant's contention, the affidavits submitted by Jones, Kennedy, MacKenzie, and Williams, purporting to decline the designations and nominations, were not sufficient to disqualify them from holding the offices of County Legislator for the 5th, 16th, 18th, and 19th legislative districts, respectively, such that they should be removed from the ballot in the primary election. A candidate who "seeks to disqualify himself or herself . . . must present a legal basis for doing so" (*Matter of Justice v Gamache*, 45 AD3d 508, 510 [2007]; *see Matter of Kryzan v New York State Bd. of Elections*, 55 AD3d 1217, 1219-1220 [2008]; *Matter of Keith v King*, 220 AD3d 471 [1995]). One such basis may be that the candidate does not satisfy the residency requirements (*see Matter of Kryzan v New York State Bd. of Elections*, 55 AD3d at 1219-1220; *Matter of Justice v Gamache*, 45 AD3d at 510). Election Law § 6-122 prohibits a person from being designated or nominated for public office who, as relevant here, is ineligible to be elected to such office, or who does not meet the statutory or constitutional qualifications "at the time of commencement of the term of such office" (Election Law § 6-122). Public Officers Law § 3 merely requires that candidates satisfy residency requirements as of the time they are elected (*see* Public Officers Law § 3 [1]; *Matter of Weidman v Starkweather*, 80 NY2d 955, 956 [1992]). Moreover, as relevant here, the Nassau County Charter provides that "[e]ach county legislator shall be a qualified voter of the county, shall have been a resident of the county for at least one year immediately preceding the commencement of such person's term of office, and . . . *shall reside in the county legislative district which such person represents at that time of such person's nomination for office* and during such person's entire term of office" (Nassau County Charter § 104 [4] [emphasis added]). Thus, the earliest date on which residency is required in the legislative district is the date of nomination. As

that date has yet to occur, Jones, Kennedy, MacKenzie, and Williams are not disqualified from holding the public offices of County Legislator for the 5th, 16th, 18th, and 19th legislative districts, respectively, by reason of current residency outside of those districts (see *Matter of Keith v King*, 220 AD2d 471 [1995]; *Matter of Clark v McCoy*, 196 AD2d 607 [1993]). Moreover, the affidavits submitted by Jones, Kennedy, MacKenzie, and Williams, purporting to decline the designations and nominations, failed to constitute an effective disqualification (*cf. Matter of Hosley v Curry*, 85 NY2d 447, 451-452 [1995]; *Matter of Kryzan v New York State Bd. of Elections*, 55 AD3d at 1219-1220; *Matter of Justice v Gamache*, 45 AD3d at 510; *Matter of Larkin v Herbert*, 185 AD2d 607, 607-608 [1992]; *see also* Nassau County Charter § 104 [4]).

As none of the aforementioned designating and independent nominating petitions were invalidated, and since Jones, Kennedy, MacKenzie, and Williams failed to timely decline their respective designations and nominations pertaining to the 5th, 16th, 18th, and 19th legislative districts, respectively, or demonstrate that they were disqualified from holding offices within those districts, the Supreme Court properly directed that the appellant comply with articles 4, 6, and 7 of the Election Law and take all steps necessary to prepare and administer primary elections to be held on September 13, 2011, in the 5th, 16th, 18th, and 19th legislative districts for the Republican, Conservative, and Tax Revolt parties, as the number of candidates designated for the offices of County Legislator in those districts exceeds the number to be nominated by those parties. Florio, J.P., Leventhal, Lott and Roman, JJ., concur.