(August 16, 2013)

■ In the Matter of Dennis E. Ward, Commissioner of Erie County Board of Elections, Respondent, v Ralph M. Mohr, Commissioner of Erie County Board of Elections, Appellant, et al., Respondents. [970 NYS2d 848]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John A. Michalek, J.), entered August 9, 2013 in a proceeding pursuant to the Election Law and CPLR article 78. The order and judgment granted the petition.

It is hereby ordered that the order and judgment so appealed from is reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner, a commissioner of respondent Erie County Board of Elections (Board), commenced this proceeding pursuant to Election Law article 16 and CPLR article 78 seeking a determination that respondent Thomas J. Irish is the designated candidate of the Independence Party for County Legislator for the Eighth District, and seeking to compel respondent Ralph M. Mohr, the other commissioner of the Board (respondent), to certify the ballot for the primary election of that office. Irish previously had been designated by the Independence Party as a candidate for Lancaster Town Councilman (Town Councilman). After the Independence Party's designated candidate for County Legislator timely filed a certificate of declination for that position, however, the Committee to Fill Vacancies (Committee) designated Irish as the candidate for County Legislator, and Irish filed a certificate of acceptance (*see* Election Law § 6-158 [2]). It is undisputed that Irish did not file a certificate of declination for the designation as a candidate for Town Councilman and that the opportunity for doing so had expired at the time he was designated as a candidate for County Legislator (*see id.*). No objections to any of the documents designating Irish as a candidate for either position were filed or received by the Board. Petitioner voted to certify a ballot naming Irish as a candidate for County Legislator and respondent voted to certify a ballot naming Irish as a candidate for Town Councilman, resulting in a deadlock. Inasmuch as "[a]ll actions of the board shall require a majority vote of the commissioners prescribed by law for such board" (§ 3-212 [2]), petitioner commenced the instant proceeding seeking a determination that Irish is the valid and legally substituted designated candidate for the Independence Party for County Legislator and that he has been disqualified as a candidate for Town Councilman. Petitioner also sought a judgment compelling respondent to certify a ballot to that effect. Supreme Court granted the petition in its entirety, and we now reverse.

As a preliminary matter, we conclude that petitioner lacked

standing to commence this proceeding pursuant to Election Law article 16. The designation of any candidate may be contested only by "any aggrieved candidate, or by the chairman of any party committee or by a person who shall have filed objections" (§ 16-102 [1]; *see Matter of New York State Comm. of the Independence Party v New York State Bd. of Elections*, 87 AD3d 806, 809 [2011], *lv denied* 17 NY3d 706 [2011]), and the content of the ballot may be contested only by "any aggrieved candidate or by the chairman of any party committee or independent body" (§ 16-104 [1]). We therefore dismiss that part of the petition seeking a determination pursuant to the Election Law that Irish has been substituted as the designated candidate for County Legislator and disqualified as the designated candidate for Town Councilman.

Petitioner also seeks to compel respondent, pursuant to CPLR article 78, to certify a ballot naming Irish as a candidate for County Legislator based upon the presumption of regularity of the documents filed in connection with that designation. It is well established, however, that a mandamus to compel "may . . . force . . . only purely ministerial acts" (*Matter of Eck v Mayor of Vil. of Attica*, 28 AD3d 1195, 1196 [2006]). We reject petitioner's contention that respondent was obligated to certify the ballot because it was a purely ministerial act. Rather, in view of the unique circumstances presented here, we conclude that respondent exercised his discretion in determining that Irish could not be designated as a candidate for both County Legislator and Town Councilman (*see generally* County Law § 411) and that, because Irish had not declined his designation as a candidate for Town Councilman, the ballot naming him as a candidate for that position must be certified. We therefore treat the petition as also seeking mandamus to review (*see* CPLR 7803 [3]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]).

It is firmly settled that we "cannot interfere unless there is no rational basis for [respondent's] exercise of discretion or the action complained of is arbitrary and capricious" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974] [internal quotation marks omitted]) and, here, we conclude that respondent had a rational basis for voting to certify a ballot naming Irish as a candidate for Town Councilman. We note, first, that the failure of Irish to file a declination of the designation as a candidate for Town Councilman within the time prescribed by Election Law § 6-158 (2), is a "fatal defect" (Election Law § 1-106 [2]; *see Matter of Biamonte v*

*Savinetti*, 87 AD3d 950, 953 [2011]). Thus, his name must remain on the ballot as a candidate for that position (*see Biamonte*, 87 AD3d at 953-954). Second, contrary to petitioner's contention and the view of our dissenting colleague, we conclude that Irish was not disqualified from the designation for Town Councilman by virtue of his subsequent designation for County Legislator. Indeed, "[a] candidate who 'seeks to disqualify himself or herself . . . must present a legal basis for doing so' " (*id*. at 954; *see Matter of Justice v Gamache*, 45 AD3d 508, 510 [2007]) and Irish has presented no such legal basis here. Moreover, petitioner has presented no authority for his position that the subsequent designation of Irish as a candidate for County Legislator disqualified him from being designated as a candidate for Town Councilman. Rather, we conclude that, based on the designation of Irish as a candidate for Town Councilman, he was ineligible to be designated by the Committee as a candidate for County Legislator (*see* § 6-122; *see generally* County Law § 411). We agree with the Second Department's conclusion in *Biamonte* that, "[d]espite the unique circumstances of this case, 'the judiciary is foreclosed from fashioning any exceptions to th[at] requirement, however reasonable they might appear' " (*Biamonte*, 87 AD3d at 953-954). We conclude that there was a rational basis for respondent's refusal to certify the ballot naming Irish as a candidate for County Legislator, and that such action was not arbitrary and capricious (*see Pell*, 34 NY2d at 231; *see also* CPLR 7803 [3]; *Scherbyn*, 77 NY2d at 758). We therefore dismiss the petition in its entirety (*see* CPLR 7806).

All concur except Whalen, J., who dissents and votes to affirm in the following memorandum.

Whalen, J. (dissenting). I respectfully disagree with the majority's conclusion that the failure of respondent Thomas J. Irish to file a declination of his designation as a candidate for Lancaster Town Councilman (Town Councilman) within the time period mandated by Election Law § 6-158 (2) must result in his name appearing on the ballot as a candidate for that office. Irish was designated by the Committee to Fill Vacancies to be the Independence Party's substitute candidate for County Legislator, and Irish consented to that substitution (*see* § 6-148). Nothing in the Election Law provides that a person is ineligible to be nominated or designated to fill a vacancy for another office should he or she fail to execute a certificate of declination for a different office.

I further disagree with the majority's conclusion that Irish did not present a legal basis to disqualify himself from the designation for Town Councilman. In my view, Irish disqualified

himself from that designation when he consented to become the substitute candidate for County Legislator, an office incompatible with that of Town Councilman (*see Matter of Phillips v Suffolk County Bd. of Elections*, 21 AD3d 509, 510-511 [2005], *lv denied* 5 NY3d 706 [2005]; *Matter of Lawrence v Spelman*, 264 AD2d 455, 456 [1999], *lv denied* 93 NY2d 813 [1999]; *see also Matter of Burns v Wiltse*, 303 NY 319, 323-325 [1951]). Therefore, when Irish consented to be the substitute candidate for County Legislator, which Election Law § 6-148 allowed him to do, a vacancy by disqualification arose for the candidacy of Town Councilman, and that vacancy may be filled pursuant to the mechanism set forth in section 6-148 (1). Consequently, it is clear that the Election Law already provides for the circumstances presently before us, and I see no basis for this Court to render a person ineligible to run for an office when the Election Law, itself, does not do so. I would therefore affirm. Present— Scudder, P.J., Smith, Peradotto, Whalen and Martoche, JJ.