# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

838

CAE 14-01442

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF SALLIE A. LOCKE, MARY A.
BOLO, BRIAN W. NOLAN, SR. AND FAYE S. SIMMETH,
PETITIONERS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

JAMES A. WALSH, ET AL., RESPONDENTS,
DENNIS WARD, COMMISSIONER, ERIE COUNTY BOARD OF
ELECTIONS, RESPONDENT-RESPONDENT,
TRACEY B. EHRLERS, CANDIDATE, ANNAMAE L.
STOKES, CANDIDATE, ANTHONY D'ORAZIO, JR., CANDIDATE,
AND ANTHONY L. ORSINI, JR., CANDIDATE,
RESPONDENTS-APPELLANTS.

---

DOLCE PANEPINTO, P.C., BUFFALO (JERRY SCHAD OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

BOUVIER PARTNERSHIP LLP, BUFFALO (EMILIO COLAIACOVO OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

DENNIS WARD, RESPONDENT-RESPONDENT PRO SE.

---

Appeal from an order of the Supreme Court, Allegany County
(Terrence M. Parker, A.J.), entered August 14, 2014 in a proceeding
pursuant to the Election Law. The order, insofar as appealed from,
granted the petition seeking to invalidate certain designating
petitions.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum: Petitioners commenced this proceeding seeking to
invalidate the designating petition of respondents-appellants Tracey
B. Ehrlers and Annamae L. Stokes for the positions of delegate and
alternate delegate, respectively, to the Independence Party 8th
Judicial District Convention for State Supreme Court for the 148th
Assembly District, and the designating petition of respondents-
appellants Anthony D'Orazio, Jr., and Anthony L. Orsini, Jr., for the
positions of delegate and alternate delegate, respectively, to the
Independence Party 8th Judicial District Convention for State Supreme
Court for the 147th Assembly District, on the ground that Ehrlers and
D'Orazio lived outside of the boundaries of the assembly districts
from which they sought their positions. We conclude that Supreme

Court erred in granting the petition and invalidating the designating petitions, and we therefore reverse the order insofar as appealed from and dismiss the petition.

Even assuming, arguendo, that a candidate for the position of delegate to a judicial district convention must reside within the geographic boundaries of the assembly district that he or she seeks to represent (*see* Election Law § 6-124; *cf. Matter of Corbin v Goldstein*, 64 AD2d 935, 936, *lv denied* 45 NY2d 707), such requirement would not become operative until "the time of commencement of the term" of the position (§ 6-122 [3]; *see Matter of Weidman v Starkweather*, 80 NY2d 955, 956; *Matter of Biamonte v Savinetti*, 87 AD3d 950, 954-955; *Matter of Keith v King*, 220 AD2d 471, 471-472).  In this case, that date is September 9, the date of the primary election.  Petitioners' challenge is therefore premature (*see generally Weidman*, 80 NY2d at 956).

We have examined the remaining contentions of respondents-appellants and conclude that they are lacking in merit.

Entered:  August 20, 2014

Frances E. Cafarell
Clerk of the Court